NANCY JONES KENNON v. GEORGE MARION ·KENNON, JR.

No. 8418DC196

(Filed 28 December 1984)

1. **Venue § 8— modification of child support and custody—change of venue**

    The trial court did not abuse its discretion in allowing plaintiff mother's motion for a change of venue of a motion to modify child support and custody for the convenience of the witnesses and the ends of justice where both parties had moved to the county to which venue was changed.

2. **Divorce and Alimony § 24.7— increase in child support—change of circumstances**

    The evidence and findings showed a substantial change in circumstances which supported the trial court's order increasing the father's child support obligation from $10 per week per child to $125 per month per child.

---

Kennon v. Kennon

---

3. **Judgments § 50; Limitation of Actions § 4.3— loan repayment obligation—action on judgment—statute of limitations**

 Where a consent judgment required the former husband to indemnify and hold harmless the former wife from all claims and debts incurred by or on behalf of the husband, the wife was required to make payments on the husband's note when he defaulted, and the husband promised to pay the wife $1,000 as repayment for damages she had suffered thereby, the ten-year statute of limitations for judgments, G.S. 1-47, applied to the wife's action on the husband's loan repayment obligation, not the three-year contract statute of limitations of G.S. 1-52.

4. **Divorce and Alimony § 27— modification of child support and custody—error in award of attorney fees**

 The trial court erred in awarding attorney fees of $450 to the wife in an action to modify child support and custody where the wife had income in excess of $32,000 per year, the husband was in compliance with the prior support and custody order, and the trial court failed to make findings as to the skill of the wife's attorney, his hourly rate, and the reasonableness thereof.

5. **Divorce and Alimony § 25.9— modification of custody order—mother's summer vacation**

 The trial court did not abuse its discretion in modifying a previous custody order by allowing one additional week of custody with the mother during the summer months due to her summer vacation.

APPEAL by defendant from *Lowe, Judge.* Order entered 13 October 1983 in District Court, GUILFORD County. Heard in the Court of Appeals 13 November 1984.

*Hatfield & Hatfield, by Kathryn K. Hatfield, for plaintiff appellee.*

*Bethea, Robinson, Moore & Sands, by Alexander P. Sands, III, for defendant appellant.*

BECTON, Judge.

In this child support and custody action, we must determine if the trial court erred by (a) allowing the wife's motion for change of venue; (b) denying the husband's motion to stay proceedings pending the appeal of the order changing venue; and (c) denying the husband's motion to dismiss for insufficiency of the evidence.

I

Seeking full custody of, and child support for, the two minor children of the marriage, the wife initiated this action in Rockingham County in 1977. Shortly thereafter, on 2 August 1977, a

consent judgment was entered which stated, in essence, that the wife would be responsible for the care, custody, support and maintenance of the two children during the school year and that the husband would be responsible for the same during the summer. Although the wife was then, and is now, making more money than the husband, as part of the consent judgment, the husband was required to pay to the wife Ten Dollars ($10.00) per week per child as child support.

On 23 April 1978, after an absolute divorce had been granted the parties in the Rockingham County District Court, the wife filed a motion in the cause, seeking a modification of the consent judgment entered on 2 August 1977. Her motion was denied by a Rockingham County district court judge who ordered that the consent order remain in full force and effect. Sometime thereafter all the parties moved to Guilford County. On 3 May 1983 the wife filed a motion for change of venue from Rockingham County to Guilford County and, contemporaneously therewith, filed a motion (a) to increase child support; (b) to decrease the summer custody of the husband with the minor children; (c) to require the husband to repay a $1,000 loan made by the wife to the husband; and (d) for reasonable attorney fees.

On 20 May 1983, an order was entered transferring the case to Guilford County pursuant to the wife's motion for change of venue. The husband gave notice of appeal, but a Guilford County district court judge ruled that the appeal was premature and then denied the husband's motion for a stay of the proceedings. The matters contained in the wife's other motion were then calendared for hearing. On 22 September 1983, a hearing was held, with both sides presenting evidence. From an order requiring him to pay child support of $125.00 per month per child, to repay the wife $1,000 that she had loaned him, to pay her attorney's fees in the amount of $450, and increasing the wife's period of child custody, the husband appeals. The husband also appeals the earlier court order allowing the wife's motion to change venue and denying his motion to stay the proceedings pending the appeal of the order changing venue.

II

A.  *Venue*

[1] We address first the change of venue issue. The husband contends that there is no statutory authority for the order chang-

ing venue, and, even if there were, the trial court abused its discretion by transferring this action to Guilford County. We do not agree.

Neither party contends that the wife could, as a matter of right, have had this matter removed to Guilford County. The applicable statutes on discretionary venue will therefore be discussed.

Although N.C. Gen. Stat. Sec. 1-82 (1983), controlling venue in cases that are not specifically covered by other statutes, provides that: "In all other cases, the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement, . . ." it must be remembered that this matter comes before us based on a motion filed in the cause. More important, N.C. Gen. Stat. Sec. 1-83(2) (1983) provides that a matter may be transferred for the convenience of witnesses and the ends of justice. In her motion for a change of venue, the wife specifically alleged that both parties had become Guilford County residents and further alleged that the convenience of parties and witnesses would be best served by the matter being removed to Guilford County. In its order changing venue, the court specifically found that both parties had become Guilford County residents and that "[t]he matter in large part involve[d] economic issues such as the cost of supporting the children [and that] these issues are relative to the geographic location of the children and parties." We find no abuse of discretion in allowing the motion to change venue.

With regard to the denial of the husband's motion to stay proceedings pending an appeal of the order allowing a change in venue, we note that an order denying a motion for a change of venue, pursuant to G.S. Sec. 1-83(2) (1983), based upon the convenience of witnesses and the ends of justice, is an interlocutory order and not immediately appealable. *Furches v. Moore*, 48 N.C. App. 430, 269 S.E. 2d 635 (1980); N.C. Gen. Stat. Sec. 7A-27(c) (1983). Following the same rationale, an order granting a motion for a change of venue is interlocutory and not immediately appealable. In this case, the trial court made that ruling and thereafter denied the husband's motion to stay the proceedings. Procedurally, it is true that this Court, and not the trial court, should have decided whether the order granting a change in venue was interlocutory and not immediately appealable, *see Estrada*

*v. Jaques*, --- N.C. App. ---, 321 S.E. 2d 240 (1984), but the question is moot, since we have now determined that the change in venue was proper.

B.  *Child Support*

[2]  On the basis of detailed findings of fact in the trial court's 13 October 1983 order, we reject the husband's argument that the evidence was insufficient to support the award of $125.00 per month per child as child support. One of the twenty enumerated findings of fact follows:

> 4. Since the last hearing in this matter, the expenses of the children have increased as set out herein. Rent or house payment has increased from $175 to $628 per month. The Plaintiff previously had no household maintenance expenses and now averages $25 per month. Plaintiff's electric bill has increased from approximately $30 to $80 per month. Plaintiff previously had no homeowner insurance premium and no cablevision and now pays $20 per month homeowners insurance and Cablevision fee. The food expenses for the children have increased from $100 per month to $200 per month. Both children are now in school and hence buy their lunches at school. The cost of school lunch has increased by approximately $.25 per day. The present expense is $32 per month. The clothing expense for the children has increased from $50 to $100 per month. The child care expense has decreased. The children previously had no educational expenses and now have such expense of $10 per month. The plaintiff has paid in excess of $1,100 in orthodontic fees for the children. The children take two music lessons, one of $20 per month and the other of $26 per month. They took neither lesson at the last hearing. One child now plays soccer and did not at the last hearing. This averages $4 per month.

Although there were no findings of fact regarding the needs of the children or the income of the parties in the 1977 consent judgment, and although the parties agreed that $10 per week per child was sufficient, the findings of fact in this case show that there has been a substantial change in circumstances. We uphold the award, subject, however, to the following modification. The record suggests that the trial court only intended to award a total of $250 per month for the time that the children were in the

custody of the wife, not for the entire calendar year. At the hearing, the court used the figures of ten and one-half months and two and one-half months which totals thirteen months, not twelve. We find that the order finally entered is contrary to the order discussed in open court.

### C. *Loan*

[3]   We also summarily reject the husband's argument that the evidence was insufficient for the trial court to enter judgment against him in favor of the wife on the $1,000 loan repayment obligation. In the 1977 consent order, the husband agreed to "indemnify and hold harmless the [wife] from any and all claims, demands, obligations, liabilities, damages and debts of the [husband] or incurred by or on behalf of the [husband]." The husband has not denied that the wife was required to make payments on his note when he defaulted, injuring the wife in an amount in excess of $869.80 plus interest. The trial court found as a fact that the husband promised to pay the wife $1,000 as repayment for the damages she had suffered thereby, and we find no error. The husband asserts the three-year contract statute of limitations, N.C. Gen. Stat. Sec. 1-52 (1983), as a bar, but we find the ten-year statute of limitations for judgments, N.C. Gen. Stat. Sec. 1-47 (1983), the applicable statute of limitations.

### D. *Attorney's Fees*

[4]   We do agree with the husband that the trial court erred in awarding attorney's fees of $450.00 to the wife. We find little evidence that the wife, with income in excess of $32,000 per year, does not have sufficient means to defray the expenses of the suit. More important, the husband was in lawful compliance with the orders of the courts of Rockingham County, both with regard to custody and support of his minor children prior to the modification thereof by the courts of Guilford County. Consequently, we cannot say that the husband refused to provide support which was adequate under the circumstances existing at the time of the institution of the action.

As the husband suggests in his brief, we "cannot require any party, at the risk of being ordered to pay attorney's fees, to anticipate that an order of court, such as this, would be modified. . . ." Equally important in our decision to deny attorney's fees in

this case is the trial court's failure to make findings on the wife's lawyer's skill, hourly rate, its reasonableness in comparison with that of other lawyers, as we required in *Falls v. Falls*, 52 N.C. App. 203, 278 S.E. 2d 546, *disc. rev. denied*, 304 N.C. 390, 285 S.E. 2d 831 (1981).

E.  *Visitation*

[5]  Finally, we summarily reject the husband's argument that the trial court erred in modifying the previous order of custody by allowing one additional week of custody with the mother during the summer months due to her summer vacation. The court heard the evidence and we find no abuse of discretion.

Modified, affirmed in part and reversed in part.

Judges ARNOLD and WELLS concur.