DOROTHY HAWLEY, Plaintiff v. JAMES HOBGOOD, Defendant

No. COA05-115

(Filed 15 November 2005)

**1. Appeal and Error— appealability—change of venue for incorrect county denied—substantial right**

The denial of a motion for change of venue for filing the action in an incorrect county affects a substantial right and is immediately appealable.

**2. Venue— nine-month delay between motion to change and hearing—no waiver**

A motion for a change of venue was not waived by a nine-month delay between the motion and the notice of hearing where plaintiff did not file additional motions or requests for continuances before filing his notice of hearing.

**3. Venue— action not in county of either party—improper**

Venue was not proper where neither party was a resident of the county where the action was filed. On remand, the trial court has no discretion; the action must be moved to the proper county.

Appeal by Defendant from order entered 30 September 2004 by Judge Narley Cashwell in Superior Court, Wake County. Heard in the Court of Appeals 11 October 2005.

**HAWLEY v. HOBGOOD**

[174 N.C. App. 606 (2005)]

*Allen & Pinnix, P.A., by M. Jackson Nichols and Angela Long Carter, for plaintiff-appellee.*

*Ligon and Hinton, by George Ligon, Jr., for defendant-appellant.*

WYNN, Judge.

"[T]he trial court has no discretion in ordering a change of venue if demand is properly made and it appears that the action has been brought in the wrong county." *Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 495, 216 S.E.2d 464, 465 (1975). In this case, Defendant timely filed his written Motion for Change of Venue on the basis that the action was filed in the wrong county. As we agree with Defendant, we reverse and remand this case to the trial court.

On 14 October 2003, Plaintiff Dorothy Hawley filed a Complaint in Wake County, North Carolina alleging assault, battery, and intentional infliction of emotional distress against Defendant James Hobgood. Ms. Hawley declared in the Complaint that she was a resident of Vance County, North Carolina, and that Mr. Hobgood was a resident of Granville County, North Carolina. All of the events alleged in the Complaint occurred in Granville County, North Carolina.

On 18 December 2003, Mr. Hobgood filed his Answer and Motion for Change of Venue. Mr. Hobgood's third defense was for removal of the action due to improper venue as neither party was a resident of Wake County.

Ms. Hawley submitted requests for discovery, to which Mr. Hobgood partially answered. On 21 July 2004, Ms. Hawley filed a Motion to Compel. On 22 September 2004, Mr. Hobgood filed a Notice of Hearing for Motion to Change Venue. Following the hearing, by Order filed 30 September 2004, the trial court denied Mr. Hobgood's Motion to Change Venue concluding that "Defendant has waived his right to change venue by his failure to press his Motion[.]" From this Order, Mr. Hobgood appeals.

[1] Preliminarily, we address Ms. Hawley's motion to dismiss this appeal because it is interlocutory.[1] Indeed, an order denying change

---

1. An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all parties involved in the controversy. *See Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950); *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002).

of venue is interlocutory as it does not dispose of the case. *See Veazey*, 231 N.C. at 361-62, 57 S.E.2d at 381; *Flitt*, 149 N.C. App. at 477, 561 S.E.2d at 513. But while in general there is no right to appeal from an interlocutory order, there are two exceptions to that rule: (1) when there has been a final determination as to one or more of the claims and the trial court certifies that there is no just reason to delay the appeal, or (2) if delaying the appeal would prejudice a substantial right. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2004); *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381; *Liggett Group Inc. v. Sunas*, 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993).

Here, the trial court made no such certification so we address the question of whether "the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). In such cases, we may review the appeal under sections 1-277(a) and 7A-27(d)(1) of the North Carolina General Statutes. *See id.* "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party." *Flitt*, 149 N.C. App. at 477, 561 S.E.2d at 513.

In her Motion to Dismiss Appeal, Ms. Hawley cites to *Furches v. Moore*, 48 N.C. App. 430, 269 S.E.2d 635 (1980) and *Kennon v. Kennon*, 72 N.C. App. 161, 323 S.E.2d 741 (1984), to support her argument that the denial of a motion to change venue does not affect a substantial right. Both *Furches* and *Kennon* addressed motions for change of venue under section 1-83(2) of the North Carolina General Statutes, for the convenience of witnesses. *Kennon*, 72 N.C. App. at 164, 323 S.E.2d at 743; *Furches*, 48 N.C. App. 430, 260 S.E.2d 635. Here, Mr. Hobgood's Motion for Change of Venue was under section 1-83(1) of the North Carolina General Statutes, county designated not proper. N.C. Gen. Stat. § 1-83(1) (2004). Therefore, *Furches* and *Kennon* are inapplicable.

Motions for change of venue because the county designated is not proper affect a substantial right and are immediately appealable. *Dixon v. Haar*, 158 N.C. 286, 288, 74 S.E. 1, 2 (1912); *McClure Estimating Co. v. H. G. Reynolds Co., Inc.*, 136 N.C. App. 176, 178-79, 523 S.E.2d 144, 146 (1999); *DesMarais v. Dimmette*, 70 N.C. App. 134, 136, 318 S.E.2d 887, 889 (1984) ("[A]n erroneous order denying a party the right to have the case heard in the proper court would work an injury to the aggrieved party which could not be cor-

rected if no appeal was allowed before the final judgment."). Accordingly, Ms. Hawley's Motion to Dismiss Appeal is denied.

[2] In his appeal, Mr. Hobgood argues that the trial court erred in denying his Motion for Change of Venue as he did not waive his objection to venue. We agree.

Section 1-83 of the North Carolina General Statutes provides for a change of venue. Section 1-83 states in pertinent part:

> If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

The court may change the place of trial in the following cases:

> (1) When the county designated for that purpose is not the proper one.

N.C. Gen. Stat. § 1-83. "[T]he trial court has no discretion in ordering a change of venue if demand is properly made and it appears that the action has been brought in the wrong county." *Swift & Co.*, 26 N.C. App. at 495, 216 S.E.2d at 465; *see also Nello L. Teer Co. v. The Hitchcock Corp.*, 235 N.C. 741, 743, 71 S.E.2d 54, 55-56 (1952); *Centura Bank v. Miller*, 138 N.C. App. 679, 681, 532 S.E.2d 246, 248 (2000); *Miller v. Miller*, 38 N.C. App. 95, 97, 247 S.E.2d 278, 279 (1978) ("The provision in N.C.G.S. § 1-83 that the court 'may change' the place of trial when the county designated is not the proper one has been interpreted to mean 'must change.' ").

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (3) Improper venue or division[.]" N.C. Gen. Stat. § 1A-1, Rule 12(b) (2004). Here, Mr. Hobgood made a written motion in conjunction with his answer to change venue. Therefore, he timely made a written motion to change venue. N.C. Gen. Stat. § 1-83(1).

"However, since venue is not jurisdictional it may be waived by express or implied consent, and a defendant's failure to press his motion to remove has been found to be a waiver." *Miller*, 38 N.C. App.

at 97, 247 S.E.2d at 279 (internal cites omitted). The question then is whether Mr. Hobgood's nine month delay between filing his Motion to Change Venue and filing Notice of Hearing, is a failure to pursue his motion sufficient to constitute a waiver.

In *Miller*, this Court held that the defendant waived her right to change venue when after a year long delay before the first hearing, she requested a continuance, and then failed to appear at the second hearing. *Miller*, 38 N.C. App. at 98, 247 S.E.2d at 280.

In *Swift & Co.*, this Court held that the defendant did not waive its right to change of venue. *Swift & Co.*, 26 N.C. App. at 495, 216 S.E.2d at 465. The defendant did not pursue its motion for change of venue until the plaintiff filed a motion for sanctions, a delay of four months. *Id.*

Like in *Swift & Co.*, Mr. Hobgood timely filed his Motion for Change of Venue, but did not pursue his motion until Ms. Hawley filed a Motion to Compel. But "[t]he fact that it was plaintiff's motion which prodded defendant[] into action is immaterial." *Swift & Co.*, 26 N.C. App. at 495, 216 S.E.2d at 465. The nine month delay, standing alone, does not constitute an implied waiver by Mr. Hobgood. This case is not analogous to *Miller*, where the defendant waited a year, filed a motion for a continuance with the court, and then failed to appear. *Miller*, 38 N.C. App. at 98, 247 S.E.2d at 280. Here, from the record it does not appear that Mr. Hobgood filed any additional motions or requests for continuances with the trial court before filing his Notice of Hearing. As Mr. Hobgood timely filed a demand for change of venue, he was entitled to show that venue was improper. *See Swift & Co.*, 26 N.C. App. at 495, 216 S.E.2d at 465.

[3] Section 1-82 of the North Carolina General Statutes sets out the method of determining the proper venue, stating in pertinent part, "the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement . . . ." N.C. Gen. Stat. § 1-82 (2004). Ms. Hawley declared in the Complaint that she was a resident of Vance County, North Carolina, and that Mr. Hobgood was a resident of Granville County, North Carolina. Therefore, Wake County was not the proper venue.

As the trial court has no discretion in ordering a change of venue if it appears that the action has been brought in the wrong county, here, on remand the trial court must remove the action to the proper county. *See Nello L. Teer Co.*, 235 N.C. at 743, 71 S.E.2d at 55-56.

Reversed and remanded.

Judges McGEE and GEER concur.