ITS LEASING, INC., PLAINTIFF v. RAM DOG ENTERPRISES, LLC, DEFENDANT

No. COA09-653

(Filed 17 August 2010)

**1. Appeal and Error— change of venue—basis of ruling not specified—immediately appealable**

An order changing venue affected a substantial right and was immediately appealable where the trial court did not specify the basis for its ruling and plaintiff claimed that it had a right to venue in Mecklenburg County.

**2. Venue— change—discretionary basis—motion filed before answer**

The trial court abused its discretion to the extent it allowed a change of venue on a discretionary basis under N.C.G.S. § 1-83(2) where defendant's motion, based on the convenience of the witnesses and the ends of justice, was filed before the answer and was thus premature. Upon remand, defendant may file the motion after filing its answer.

**3. Venue— change as of right—error**

The trial court erred to the extent that it based a change of venue on defendant having a right to venue in Haywood County.

ITS LEASING, INC. v. RAM DOG ENTERS., LLC

[206 N.C. App. 572 (2010)]

Defendant did not state any legal basis for venue in Haywood County as of right in its motion or argue that claim on appeal, and plaintiff's argument that it had a right to venue in Mecklenburg County based on a contract provision only established that Mecklenburg County would have jurisdiction, but not exclusive jurisdiction.

Appeal by plaintiff from order entered 23 December 2008 by Judge Jesse B. Caldwell, III in Superior Court, Mecklenburg County. Heard in the Court of Appeals 29 October 2009.

*Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A., by Michelle Massingale, for plaintiff-appellant.*

*McLean Law Firm, PA, by Russell L. McLean, III, for defendant-appellee.*

STROUD, Judge.

Plaintiff appeals from an order granting defendant's motion to change venue from Mecklenburg County to Haywood County. Because the trial court could not properly determine on a discretionary basis a motion for change of venue which was filed prematurely and because neither party has demonstrated a right to venue in either Mecklenburg County or Haywood County, we reverse.

On 26 June 2008, plaintiff filed its complaint against defendant in Mecklenburg County. On or about 17 July 2008, prior to filing an answer, defendant filed a motion requesting removal of the action pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b) to Haywood County, North Carolina, based upon "improper venue." The motion for change of venue alleged in pertinent part that:

2. Plaintiff is a corporation organized and existing under the laws of the State of North Carolina and is authorized to do business in North Carolina.

3. Defendant is a North Carolina Limited Liability Corporation with its principal place of business in Waynesville, Haywood County, North Carolina.

4. That the contract was entered into in Haywood County, North Carolina.

5. The convenience of witnesses and the ends of justice would be promoted by the change.

Plaintiff filed affidavits in opposition to defendant's motion; defendant did not file any additional affidavits and did not file an answer. On 23 December 2008, the trial court granted the motion for change of venue. The order did not state the basis for the change of venue but provided that "[a]fter considering the arguments of counsel, reviewing the pleadings and the contract involved, the Court has determined that the proper venue *either by right or in the court's discretion* should be Haywood County." (emphasis added).

[1] Analysis of this case, and even the determination of whether this interlocutory appeal is immediately appealable, is complicated by the fact that neither defendant's motion nor the trial court's order identified the specific basis for the change of venue, although one basis for the change of venue is of right and the other is discretionary. Also, an appeal from a discretionary ruling as to venue is interlocutory, does not affect a substantial right, and is not immediately appealable, *Kennon v. Kennon*, 72 N.C. App. 161, 164, 323 S.E.2d 741, 743 (1984); a determination of venue based upon a statutory right to venue in a particular county is immediately appealable. *Snow v. Yates*, 99 N.C. App. 317, 319, 392 S.E.2d 767, 768 (1990). However, the allegations of the motion make it clear that defendant was requesting a change of venue based upon N.C. Gen. Stat. § 1-83(2) (2007), which provides:

> If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.
>
> The court may change the place of trial in the following cases:
>
> (1) When the county designated for that purpose is not the proper one.
>
> (2) When the convenience of witnesses and the ends of justice would be promoted by the change . . . .

Defendant argues in its brief that the trial court's determination was entirely discretionary and does not claim that venue was improper in Mecklenburg County or that defendant had a right to venue in Haywood County. Defendant specifically argues that "[u]nder the venue statute of North Carolina, this case could be tried in either county. In the present case, Judge Caldwell exercised his

discretion and transferred this case to Haywood County."[1] However, although plaintiff conflates its arguments as to venue as of right and discretionary venue, plaintiff argues in its brief that it had a right to venue in Mecklenburg County pursuant to N.C. Gen. Stat. § 1-82 and by contract. Plaintiff states that

> [o]n February 24, 2006, in order to induce Plaintiff/Appellant to lease trailers to Defendant/Appellee, Defendant/Appellee completed a credit application. (R.p. 27-28). The Credit Application specifically states: Applicant agrees that the venue and jurisdiction for any such court action shall be properly at Charlotte, North Carolina, the principal place of business of the 'Companies,' unless otherwise notified. (R. p. 28). 'Companies' is defined as ITS Leasing, Inc., the Plaintiff/Appellant in this action. (R.p. 28).[2]

N.C. Gen. Stat. § 1-82 (2007) provides that "[i]n all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement." Plaintiff argues that "[t]he contract between the parties further mandates that the action be brought in the county of the Plaintiff/Appellant's principal place of business[,]" which was Mecklenburg County. As the parties have raised arguments both as to discretionary venue under N.C. Gen. Stat. § 1-83(2) and venue as of right under the contract, and the trial court did not specify the basis for its ruling, we must address both. Also, because plaintiff claims that it has a right to venue in Mecklenburg County, the trial court's order changing venue affects a substantial right of plaintiff and is thus immediately appealable. *Snow*, 99 N.C. App. at 319, 392 S.E.2d at 768.

### I. Venue Under N.C. Gen. Stat. § 1-83(2)

[2] We will first consider the motion for change of venue as a discretionary determination based upon the "convenience of witnesses and the ends of justice" under N.C. Gen. Stat. § 1-83(2), as these are the grounds stated in defendant's motion. The timing of defendant's motion is controlling as to this issue.

---

1. Defendant's brief does not identify any particular "venue statute of North Carolina." In fact, defendant's entire table of cases and authorities includes no statutes and only one case..

2. We take judicial notice pursuant to N.C. Gen. Stat. § 8C-1, Rule 201(b) (2007) that all of the city of Charlotte, North Carolina is in Mecklenburg County, North Carolina; the geographical basis for jurisdiction of the trial court is the county, not the city. *See* N.C. Gen. Stat. § 7A-41(a) (2007).

Pursuant to N.C. Gen. Stat. § 1-83(2),

> '[t]he court may change the place of trial . . . [w]hen the convenience of witnesses and the ends of justice would be promoted by the change.' N.C.G.S. § 1-83(2) (1999). Whether to transfer venue for this reason, however, is a matter firmly within the discretion of the trial court and will not be overturned unless the court manifestly abused that discretion. *Roanoke Properties v. Spruill Oil Co.*, 110 N.C. App. 443, 429 S.E.2d 752 (1993).

*Centura Bank v. Miller*, 138 N.C. App. 679, 683, 532 S.E.2d 246, 249 (2000). "Moreover, 'motions for change of venue based on the convenience of witnesses, pursuant to section 1-83(2), must be filed after the answer is filed.' " *Smith v. Barbour*, 154 N.C. App. 402, 407, 571 S.E.2d 872, 876 (2002) (emphasis added and quoting *McCullough v. Branch Banking & Tr. Co.*, 136 N.C. App. 340, 350, 524 S.E.2d 569, 575-76 (2000)), *cert. denied*, —— N.C. ——, —— 599 S.E.2d 408-09 (2004); *accord, Thompson v. Horrell*, 272 N.C. 503, 505, 158 S.E.2d 633, 635 (1968) (holding that the defendant could not force removal "as a matter of right" and the trial court erred in attempting a discretionary transfer of venue before the defendant had filed his answer because "the occasion for the exercise of discretion will not arise upon the motion for removal for the convenience of witnesses and the promotion of justice[,]" until the allegations in the complaint "are traversed[.]" (citation omitted)). Defendant's motion, based upon the "convenience of the witnesses and the ends of justice," was filed prior to an answer and it was therefore prematurely filed. As the trial court abused its discretion to the extent that it prematurely made a discretionary ruling to remove the case to Haywood County, we believe that this Court must reverse and remand to the trial court for further proceedings. Of course, defendant may again file a motion for change of venue after filing its answer, and assuming that plaintiff does not have a right to venue in Mecklenburg County, the trial court could again determine in its discretion that a change of venue should be allowed. A similar situation was presented in *Atlantic Coast Line R. Co. v. Thrower*, where our Supreme Court noted that

> [t]his may seem to require a circuitous method of finally determining the venue for the trial of this cause when and after the plaintiff has been heard upon its motion, if it elects to renew it, in the Mecklenburg Superior Court. Be that as it may, we are required to interpret and declare the law as it is written—not as we may think it should be.

213 N.C. 637, 640, 197 S.E. 197, 199 (1938). Although the case before us is also taking a circuitous path, it is still the path which the law has determined and both this Court and the trial court must follow. To the extent that the trial court allowed the change of venue on a discretionary basis under N.C. Gen. Stat. § 1-83(2), the trial court abused its discretion and the order must be reversed.

## II. Venue as of Right Under Contract

[3] We have already determined that the trial court could not remove the case to Haywood County in its discretion because an answer had not yet been filed. The only way the trial court could properly remove the case to Haywood County upon motion prior to filing of answer would be if venue in Mecklenburg County was improper and defendant could demonstrate a right to venue in Haywood County. The trial court's order concluded in the alternative that defendant had a right to venue in Haywood County, despite the fact that defendant did not state any legal basis for venue as of right in Haywood County in its motion. Also, as noted above, defendant has not argued before this Court that it has any *right* to venue in Haywood County. Thus, to the extent that the trial court found that defendant had a right to venue in Haywood County, it erred. However, plaintiff does assert a claim to venue as of right.

Plaintiff argues that it has a right to venue in Mecklenburg County, the county in which the complaint was filed, based upon the contract between the parties. Plaintiff argues defendant agreed to venue in Mecklenburg County by the provisions of the credit application, which are part of the contract between the parties. The credit application provides in pertinent part that:

2. If payment in full is not received by the due date, applicant shall owe, in addition to the invoice amount, a late/finance fee of 1.5% per month, or the maximum allowed by law, on all unpaid balances, plus costs of collection, including any attorney's fees, court costs, collection fees and any other reasonable costs that the 'Companies' may incur in recovering the amounts owed.

3. Applicant agrees that the venue and jurisdiction for any such court action shall be properly at Charlotte, North Carolina, the principal place of business of the 'Companies', unless otherwise notified.

The credit application was executed on behalf of defendant Ram Dog on 24 February 2006 by Terry Ramey, managing member. Defendant's

brief does not address the provisions of the credit application at all but states only that "[s]ince the lease contract did not specifically require venue to be in Mecklenburg County any disputes as to the convenience of witnesses or where the contract was entered is resolved by the discretionary decision of the trial judge hearing the motion to transfer." Defendant filed no affidavits in response to plaintiff's affidavits. Defendant's brief does not address plaintiff's allegations regarding the terms of the credit application.

William Todd Markham, salesman for plaintiff, provided an affidavit describing the execution of the credit application and lease agreement as follows:

> 7. Mr. Ramey paid the down payment here (his check #1483), completed and signed our credit application on February 24, 2006, all in Charlotte, North Carolina. Ramey made arrangements with his employees or agents to come to Charlotte to pick up the trailers.

> 8. We prepared the lease in accordance with the discussions we had in Charlotte, North Carolina and mailed the lease to RAMDOG ENTERPRISES, LLC, for signature. The lease agreement was signed by Brandy Lewelly, Office Manager for RAMDOG ENTERPRISES, LLC, on March 13, 2006 and was mailed back to our Charlotte, NC office. Pursuant to the lease terms, Ramey had already paid the first installment while in our Charlotte, NC office on February 24, 2006, even before the lease was actually signed.

The trial court did not make any findings of fact in its order and, as noted above, did not state the grounds for its ruling. As noted above, defendant did not demonstrate any right to have venue in Haywood County. However, plaintiff also has not demonstrated a right to venue in Mecklenburg County. Although the cases which address contract forum selection clauses normally deal with both jurisdiction and venue and the two issues are sometimes "blurred," the two inquiries are different. *See Perkins v. CCH Computax, Inc.*, 333 N.C. 140, 144, 423 S.E.2d 780, 783 (1992) ("While *Gaither* was a case involving 'venue' as opposed to 'jurisdiction' and can be distinguished on that basis from the present case, as we have done, there is language in *Gaither* that blurs the two concepts. To the extent that the language in *Gaither* can be read to condemn forum selection clauses as depriving North Carolina courts of jurisdiction, that language is disavowed." (citing *Gaither v. Motor Co.*, 182 N.C. 498, 500-01, 109 S.E. 362, 364 (1921)), *overruled on other grounds* by N.C.

Gen. Stat. § 22B-3 (2007). However, in *Printing Services of Greensboro, Inc. v. American Capital Group, Inc.*, this Court addressed a provision in a contract which stated that "YOU AGREE THAT THIS LEASE HAS BEEN PERFORMED AND ENTERED INTO IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, YOU CONSENT TO JURISDICTION IN ORANGE COUNTY, YOU EXPRESSLY WAIVE ANY RIGHTS TO A TRIAL BY JURY." 180 N.C. App. 70, 74, 637 S.E.2d 230, 232 (2006). The Court held that this language did not indicate that "the parties agreed to venue *exclusively* in California, merely that a court in Orange County, California would have jurisdiction." *Id.* at 74-75, 637 S.E.2d at 232. (emphasis added). The Court explained that

> [t]he general rule is when a jurisdiction is specified in a provision of contract, the provision generally will not be enforced as a mandatory selection clause without some further language that indicates the parties intent to make jurisdiction exclusive. Indeed, mandatory forum selection clauses recognized by our appellate courts have contained words such as 'exclusive' or 'sole' or 'only' which indicate that the contracting parties intended to make jurisdiction exclusive.

*Id.* at 74, 637 S.E.2d at 232. (citation omitted). The same rationale applies to the contract provision at issue here. The parties agreed at most that "venue and jurisdiction . . . properly" would be in Charlotte, but not that the "sole," "exclusive," or "only" proper venue would be in Charlotte. As plaintiff has not demonstrated a contractual right to venue in Mecklenburg County, the trial court on remand may consider, at the appropriate time, a motion for change of venue, if defendant elects to pursue this issue again.

For the reasons stated above, the trial court's order is reversed and remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Judges STEPHENS and BEASLEY concur.