BRYANT, Judge.
*166 Where the trial court's order granting defendant's motion to change venue was based on N.C. Gen. Stat. § 1-83(2), the convenience of the witnesses, and where a motion for change of venue filed contemporaneously with responsive pleadings is not untimely filed, the trial court's order is interlocutory and not immediately appealable, and we dismiss plaintiff's appeal.
Plaintiff Bree Stokes and defendant William Stokes were married on 6 April 2002 and separated on 20 April 2016. During the marriage, the parties had two children. In April 2016, defendant filed an action for domestic violence against plaintiff in Pitt County. Plaintiff counterclaimed, asking for child custody, child support, alimony, and equitable distribution. At some point, an ex parte domestic violence protective order was entered against plaintiff, which included temporary custody provisions. Before 20 October 2016, both parties dismissed their claims, and the domestic violence order was set aside.
On or about 20 October 2016, plaintiff and the minor children relocated from Pitt County to Union County, while defendant remained a resident of Pitt County. On 24 October 2016, plaintiff filed a complaint for child custody, child support, and equitable distribution in Union County. On 26 October 2016, defendant filed his own custody action in Pitt County. Thereafter, on 9 November 2016, defendant filed a motion in Union County for emergency ex parte custody and motion to dismiss for improper venue, or in the alternative, a motion to change venue in the Union County case.
On 6 December 2016, the trial court in Union County conducted a hearing on defendant's motion to change venue. After hearing testimony from the parties and the arguments of counsel on the issue of venue, the trial court ruled that venue was proper in both Pitt and Union Counties, but ordered that venue be changed to Pitt County by order entered 9 February 2017. Plaintiff appeals.
_________________________
On appeal, plaintiff argues the trial court erred as a matter of law and abused its discretion in changing venue from Union County to Pitt County. Specifically, plaintiff contends that venue is proper in Union County and to the extent the order is an attempt to change venue for the convenience of witnesses, the trial court abused its discretion in changing venue to Pitt County. We disagree.
*167 A. The Nature of Defendant's Motion
The trial court's venue order is an interlocutory order in that the parties' claims for child custody, child support, and equitable distribution remain unresolved. "An appeal of an order disposing of ... a [venue] motion is interlocutory because 'it does not dispose of the case.' " Snow v. Yates , 99 N.C.App. 317, 319, 392 S.E.2d 767, 768 (1990) (quoting DesMarais v. Dimmette , 70 N.C.App. 134, 135, 318 S.E.2d 887, 888 (1984) ). "Generally, there is no right to appeal an interlocutory order, unless the trial court's decision affects a substantial right of the appellant which would be lost absent immediate review." Caldwell v. Smith , 203 N.C.App. 725, 727, 692 S.E.2d 483, 484 (2010) (citing Boynton v. ESC Med. Sys., Inc. , 152 N.C.App. 103, 105-06, 566 S.E.2d 730, 731 (2002) ). "Our courts have established, however, that '[m]otions for *696 change of venue because the county designated is not proper affect a substantial right and are immediately appealable.' " Heustess v. Bladenboro Emergency Servs., Inc. , --- N.C.App. ----, ----, 791 S.E.2d 669, 671 (2016) (alteration in original) (quoting Hawley v. Hobgood , 174 N.C.App. 606, 608, 622 S.E.2d 117, 119 (2005) ).
"[G]rant or denial of a motion asserting a statutory right to venue affects a substantial right and is immediately appealable." Snow , 99 N.C.App. at 319, 392 S.E.2d at 768 (emphasis added) (citing Gardner v. Gardner , 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980) ). On the other hand, "an order denying [or granting] a motion for change of venue ... based upon the convenience of witnesses and the ends of justice , is an interlocutory order and not immediately appealable." Kennon v. Kennon , 72 N.C.App. 161, 164, 323 S.E.2d 741, 743 (1984) (emphasis added) (citations omitted). In other words, "an appeal from a discretionary ruling as to venue is interlocutory, does not affect a substantial right, and is not immediately appealable[;] a determination of venue based upon a statutory right to venue in a particular county is immediately appealable." ITS Leasing, Inc. v. RAM DOG Enters., LLC , 206 N.C.App. 572, 574, 696 S.E.2d 880, 882 (2010) (citations omitted).
In the instant case, defendant filed a motion in response to plaintiff's complaint in Union County titled "Motion for Emergency Ex Parte Custody and Motion To Dismiss For Improper Venue , or in the alternative, Motion to Change Venue ." (Emphasis added). In his motion filed in Union County, defendant objected to venue based on subsections (1) and (2) of N.C. Gen. Stat. § 1-83, and requested as follows:
3. That the Court dismiss Plaintiff's Complaint for Child Custody, Child Support, and Equitable Distribution;
*168 4. Or in the alternative, that the Court change venue of this action from Union County, North Carolina to Pitt County, North Carolina and consolidate the matter with the action filed by Father in that county.
Our Court has stated that "[u]nlike motions for change of venue based upon allegations of improper venue, which must be made a part of the answer or filed as separate motions prior to answering, motions for change of venue made pursuant to G.S. 1-83(2) are properly made only after an answer has been filed." Godley Constr. Co., Inc. v. McDaniel , 40 N.C.App. 605, 607, 253 S.E.2d 359, 360 (1979) (citations omitted).
However, the instant case is analogous to ITS Leasing :
Analysis of this case, and even the determination of whether this interlocutory appeal is immediately appealable, is complicated by the fact that neither defendant's motion nor the trial court's order identified the specific basis for the change of venue, although one basis for the change of venue is of right and the other is discretionary. Also, an appeal from a discretionary ruling as to venue is interlocutory, does not affect a substantial right, and is not immediately appealable, Kennon v. Kennon , 72 N.C.App. 161, 164, 323 S.E.2d 741, 743 (1984) ; a determination of venue based upon a statutory right to venue in a particular county is immediately appealable. Snow v. Yates , 99 N.C.App. 317, 319, 392 S.E.2d 767, 768 (1990).
206 N.C.App. at 574, 696 S.E.2d at 882. Thus, where, as here, "the parties have raised arguments both as to discretionary venue under N.C. Gen. Stat. § 1-83(2) and venue as of right[,] ... and the trial court did not specify the basis for its ruling, we must address both." Id. at 575, 696 S.E.2d at 882.
Pursuant to N.C. Gen. Stat. § 1-83,
[i]f the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.
The court may change the place of trial in the following cases:
*169 (1) When the county designated for that purpose is not the proper one.
(2) When the convenience of witnesses and the ends of justice would be promoted by the change.
*697 N.C.G.S. § 1-83(1) - (2) (2015). "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement ...." N.C. Gen. Stat. § 1-82 (2015).
In the instant case, the trial court made the following findings of fact in its order to change venue:
1. Plaintiff (hereinafter "Mother") is a citizen of North Carolina and has resided in Union County, North Carolina since October 20, 2016. Prior to October 20, 2016, Mother was a citizen and resident of Pitt County, North Carolina.
2. Defendant (hereinafter "Father") is a citizen and resident of Pitt County, North Carolina.
3. The parties are parents of (2) minor children, ... born August 22, 2003, and ... June 14, 2008 (hereinafter the "minor children").
4. The minor children have resided in Pitt County, North Carolina since their birth. Mother moved to Union County, North Carolina on October 20, 2016 without Father's knowledge or consent.
5. On October 24, 2016, Mother filed a Complaint for Child Custody in Union County District Court.
6. On November 9, 2016, Father filed a Motion to Dismiss, a Motion to Change Venue and an Ex Parte Motion for Emergency Custody in Union County.
7. The parties own several businesses, a home and a parcel of real estate which are all located in Pitt County, North Carolina.
8. The minor children have attended school in Pitt County their entire lives.
9. The minor children's therapists, doctors, coaches and teachers all reside in Pitt County.
10. N.C.G.S. § 1-82 allows for the proper venue of cases to be heard in the county in which the Plaintiff's [sic] or *170 the Defendant's [sic] reside with the emphasis on the word "or". The disjunctive allows some cases, such as this one, to be in either venue.
11. N.C.G.S. § 1-83 literally says, "If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of the parties, or by order of the court." The Defendant filed a written response on November 9, 2016 that was filed within the time for answering and it is a written request of the court to change venue along with other relief requested. The Court finds this is a responsive pleading amounting to an answer and that was timely filed.
(Emphasis added).
The trial court's findings of fact do not make it abundantly clear under which subsection of N.C. Gen. Stat. § 1-83-(1) or (2) -the trial court concluded that "[v]enue of this action is proper in Pitt County, North Carolina[,]" and granted defendant's motion to change venue to Pitt County. However, as the trial court specifically found venue to be proper "in either venue," it would appear that the trial court's decision to grant defendant's motion to change venue to Pitt County was based on subsection (2), the convenience of the witnesses. See N.C.G.S. § 1-83(2) ("The court may change the place of trial ... [w]hen the convenience of witnesses and the ends of justice would be promoted by the change.").
Thus, because the trial court's order granting defendant's motion to change venue was based on N.C. Gen. Stat. § 1-83(2), the convenience of the witnesses, such an order is interlocutory "and not immediately appealable." Kennon , 72 N.C.App. at 164, 323 S.E.2d at 743. Nevertheless, plaintiff argues that defendant's motion to change venue was prematurely filed, and as a result the order should be vacated.
B. The Timeliness of Defendant's Motion
"Motions for change of venue based on the convenience of witnesses, pursuant to section 1-83(2), must be filed after the answer is filed ." ITS Leasing , 206 N.C.App. at 576, 696 S.E.2d at 883 (emphasis added) (citation omitted) (quoting Smith v. Barbour , 154 N.C.App. 402, 407, 571 S.E.2d 872, 876 (2002) ) (holding that where the defendant's motion for change of venue was based upon the convenience of the witnesses and filed *698 prior to an answer, "it was therefore prematurely filed"). *171 In the instant case, the trial court found as fact that defendant's motion for change of venue "is a responsive pleading amounting to an answer and that was timely filed." (Emphasis added). While our case law makes clear that a defendant's motion for change of venue based on subsection (2) of section 1-83 is premature if filed before the answer, see id. , it is less clear what result issues when a motion for change of venue is filed at the same time as an answer, or is deemed to also amount to answer, as occurred in the instant case. In other words, the question is whether a motion to change venue based on the convenience of the witnesses filed contemporaneously with an answer is "prematurely filed." We conclude that it is not.
In Hartford Accident & Indemnity Co. v. Hood , the North Carolina Supreme Court stated as follows:
Of course it is impossible to anticipate what issues may be raised, when [an] answer or other pleadings are filed. But, until the allegations of the complaint are traversed , the occasion for the exercise of discretion will not arise upon the motion for removal for the convenience of witnesses and the promotion of justice. If issues of fact are raised when the answer is filed, which will necessitate a jury trial and the attendance of witnesses, the court may in its discretion grant defendant's motion to remove ... for the convenience of witnesses and the promotion of justice.
225 N.C. 361, 362, 34 S.E.2d 204, 204-05 (1945) (emphasis added) (citations omitted). In other words, a case is not appropriate for removal to a different venue "until the allegations of the complaint are traversed." The "traversing" refers to the work done by the defendant in filing his answer; by filing his answer, the defendant "traverses" the allegations in the complaint by answering them in a responsive pleading. Thus, where a defendant's answer is filed contemporaneously with a motion to change venue or where a motion to change venue is such a responsive pleading that it amounts to an answer, it is presumed that a defendant has "traversed" the allegations of the plaintiff's complaint such that any motion to change venue filed along with an answer will, therefore, not be deemed to be prematurely filed.
In the instant case, the trial court found that "[d]efendant filed a written response [to plaintiff's complaint] ... that was filed within the time for answering and it is a written request of the court to change venue along with other relief requested . The Court finds this is a responsive pleading amounting to an answer and that was timely filed." (Emphasis *172 added). Plaintiff has challenged this finding of fact (Finding of Fact No. 11) as erroneous, arguing that defendant's motion to change venue does not meet the definition of an answer.
Plaintiff argues that a motion to change venue for the convenience of the witnesses is premature even if it is filed as part of the answer. However, because we agree with the trial court that defendant's responsive pleading in the instant case amounts to an answer in that it addresses, inter alia , plaintiff's claim for child custody with defendant's counterclaim for emergency ex parte custody, and moreover because defendant's thirty-four factual allegations listed therein address issues not relevant to the issue of venue. See Steel Creek Dev. Corp. v. James , 35 N.C.App. 272, 273, 241 S.E.2d 122, 123 (1978) ("The order of Judge Thornburg provided that defendants were granted 30 days after the filing of an amendment to the complaint to file responsive pleadings. We do not believe that the word "responsive" should be given such a limited definition as to require that the defendants could only answer pleadings filed by the plaintiff. We interpret the order allowing the defendants to file responsive pleadings to give them the right to respond in any proper way they deem appropriate to the amended complaint. This would include further answers and counterclaims."); see also Answer, Black's Law Dictionary (10th ed. 2014) (defining an "answer" as "usu[ally] set[ting] forth the defendant's defenses and counterclaims").
Accordingly, we conclude that because the trial court found that defendant filed a responsive pleading amounting to an answer contemporaneously with his motion to change venue, the venue motion was not prematurely *699 filed. We now address the interlocutory nature of plaintiff's appeal.
Having concluded that the trial court's venue change order is based on the convenience of the witnesses, N.C. Gen. Stat. § 1-83(2), this conclusion renders plaintiff's appeal interlocutory. Kennon , 72 N.C.App. at 164, 323 S.E.2d at 743 ("[A]n order granting a motion for a change of venue is interlocutory and not immediately appealable."). Therefore, plaintiff's interlocutory appeal is
DISMISSED.
Judge ARROWOOD concurs.
Judge MUPRHY dissents in a separate opinion.