IN THE SUPREME COURT OF NORTH CAROLINA

No. 82A18

Filed 7 December 2018

BREE RUSHING STOKES

v.

WILLIAM COREY STOKES, II

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 811 S.E.2d 693 (2018), dismissing an interlocutory appeal from an order changing venue entered on 9 February 2017 by Judge N. Hunt Gwyn in District Court, Union County. Heard in the Supreme Court on 30 August 2018.

*Collins Family Law Group, by Rebecca K. Watts, for plaintiff-appellant.*

*Passenant & Shearin Law, by Brione B. Pattison, for defendant-appellee.*

NEWBY, Justice.

In this case we consider the appropriate timing of a trial court's consideration of a motion to change venue based upon the convenience of witnesses and whether such a decision is an interlocutory order subject to immediate appellate review. In doing so, we must decide if filing an answer is a prerequisite for the trial court to enter a discretionary order changing venue. The trial court and Court of Appeals determined defendant's motion challenging venue was proper because it was equivalent to an "answer." While defendant's filing was not an answer under our

Rules of Civil Procedure, we nonetheless hold that the trial court had the authority to enter the discretionary order changing venue. Defendant's appeal from this order is interlocutory and not subject to immediate review. Accordingly, we modify and affirm the decision of the Court of Appeals dismissing the appeal.

In April 2016, plaintiff Bree Stokes and defendant William Stokes separated after fourteen years of marriage. Plaintiff and defendant have two minor children. On 20 October 2016, plaintiff and the children moved from Pitt County to Union County without defendant's knowledge. On 24 October, four days after moving there, plaintiff filed a complaint in Union County seeking child custody, child support, and equitable distribution. On 26 October, seemingly before he was served with plaintiff's action, defendant filed a complaint in Pitt County seeking child custody.

In early November 2016, defendant filed in Union County a "Motion for Emergency *Ex Parte* Custody and Motion to Dismiss for Improper Venue, or in the alternative, Motion to Change Venue." Defendant argued that Union County was a legally improper venue because plaintiff and defendant continued to reside in Pitt County. Alternatively, defendant argued the trial court should order the venue changed to Pitt County for the convenience of the witnesses. Defendant alleged that both parties resided in Pitt County until plaintiff moved, that they own property and a business in Pitt County, and that their friends and family, who will likely be witnesses, are located in Pitt County. Defendant further alleged that the children have been lifelong residents of Pitt County and currently attend school in Pitt County,

that the children's health care providers, therapists, and counselors who could provide firsthand knowledge of the children's well-being are all located in Pitt County, and that the Pitt County Department of Social Services has had an ongoing investigation into plaintiff's alleged abuse of the children.

At the trial court hearing on 6 December 2016, defendant accused plaintiff of forum shopping by filing her action in Union County instead of Pitt County. Defendant also noted that he intentionally filed his motion without having first filed an answer for the apparent purpose of avoiding waiver of his legal venue objection. The trial court determined:

> 10. N.C.G.S. § 1-82 allows for the proper venue of cases to be heard in the county in which the Plaintiff's [sic] or the Defendant's [sic] reside with the emphasis on the word "or." The disjunctive allows some cases, such as this one, to be in either venue.
> 11. . . . . The Defendant filed a written response . . . within the time for answering and it is a written request of the court to change venue along with other relief requested. The Court finds this is a responsive pleading amounting to an answer and that was timely filed.

The trial court entered an order on 8 February 2017 denying defendant's motion to dismiss for legally improper venue but granting defendant's motion to change venue to Pitt County. Plaintiff appealed.

A divided panel of the Court of Appeals dismissed plaintiff's appeal as interlocutory. *Stokes v. Stokes*, ___ N.C. App. ___, ___, 811 S.E.2d 693, 699 (2018). The Court of Appeals determined that the trial court granted the motion to change

venue for the convenience of the witnesses, N.C.G.S. § 1-83(2) (2017), and not for legally improper venue, *id.* § 1-83(1) (2017). *Stokes*, ___ N.C. App. at ___, 811 S.E.2d at 697. Relying upon this Court's decision in *Hartford Accident & Indemnity Co. v. Hood*, 225 N.C. 361, 34 S.E.2d 204 (1945), the Court of Appeals concluded defendant could only file the motion to change venue for the convenience of the witnesses either with or after filing an answer. *Stokes*, ___ N.C. App. at ___, 811 S.E.2d at 698 (quoting *Hartford*, 225 N.C. at 362, 34 S.E.2d at 204-05). Because the Court of Appeals concluded that defendant's filing "amount[ed] to an answer," the court determined that defendant simultaneously and timely filed his motion to change venue with his "answer." *Id.* at ___, 811 S.E.2d at 698-99. After further determining that the trial court's order for discretionary change of venue was interlocutory and did not affect a substantial right, the Court of Appeals dismissed plaintiff's appeal. *Id.* at ___, 811 S.E.2d at 699 (citing *Kennon v. Kennon*, 72 N.C. App. 161, 164, 323 S.E.2d 741, 743 (1984)). The dissent argued that defendant's filing was not an answer. Therefore, defendant's motion was untimely, and the trial court's order changing venue should have been reversed. *Id.* at ___, 811 S.E.2d at 699 (Murphy, J., dissenting).

Venue is "[t]he proper or a possible place for a lawsuit to proceed, usu[ally] because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant." *Venue, Black's Law Dictionary* (10th ed. 2014). Section 1-82 of the North Carolina General Statutes states that venue is proper "in the county in which the plaintiffs or the defendants . . . reside at [the

action's] commencement." N.C.G.S. § 1-82 (2017). Improper venue is not jurisdictional, and it is subject to waiver. *See id*. § 1A-1, Rule 12(h)(1) (2017) ("A defense of . . . improper venue . . . is waived (i) if omitted from a motion [raising other Rule 12 defenses], or (ii) if it is neither made by motion under this rule nor included in a responsive pleading . . . ."); *see also, e.g., Hawley v. Hobgood*, 174 N.C. App. 606, 609-10, 622 S.E.2d 117, 119 (2005) ("[S]ince venue is not jurisdictional it may be waived . . . ." (quoting *Miller v. Miller*, 38 N.C. App. 95, 97, 247 S.E.2d 278, 279 (1978))).

A party may move for a change of venue (1) when the venue is legally improper or (2) when the change would promote "the convenience of witnesses and the ends of justice." N.C.G.S. § 1-83(1)-(2). Our cases treat the first of these venue changes as mandatory; the second is discretionary. *See Zetino–Cruz v. Benitez–Zetino*, ___ N.C. App. ___, ___, 791 S.E.2d 100, 105 (2016).

Regarding legally improper venues, section 1-83 of the North Carolina General Statues provides:

> If the county designated . . . in the summons and complaint is not the proper [venue], the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

N.C.G.S. § 1-83 (2017). Thus, if "before the time of answering expires" a party demonstrates the venue is legally improper, it has a right to a change of venue.

*Id.* § 1-83(1). An interlocutory order changing venue as of right affects a substantial right and thus is immediately appealable. *See id.* § 7A-27(b)(3)(a) (2017) (providing appeal of right for an interlocutory order if it affects a substantial right); *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980) ("[A] right to venue established by statute is a substantial right.").

While a party has a right to a legally proper venue, a party does not have a right to a preferred venue. When the current venue is proper, a party may nonetheless request a venue change in the court's discretion. A party may file a motion to change venue for the convenience of the witnesses at any time before trial if the party can make the required showing. A trial court may grant such a discretionary venue change "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." N.C.G.S. § 1-83(2). Though "an appeal from a discretionary ruling as to venue is interlocutory, does not affect a substantial right, and is not immediately appealable," either party may appeal the venue change order upon final judgment. *Its Leasing, Inc. v. Ram Dog Enters.*, 206 N.C. App. 572, 574, 696 S.E.2d 880, 882 (2010) (citing *Kennon*, 72 N.C. App. at 164, 323 S.E.2d at 743); *see also, e.g.*, *Kennon*, 72 N.C. App. at 163-65, 323 S.E.2d at 742-43 (considering the trial court's discretionary decision to change venue upon appeal from the trial court's final judgment).

The courts below believed that a defendant must file an answer before a court could consider a discretionary change of venue. This perception arose from this

Court's decision in *Hartford*, a case decided in 1945 under code pleading and predating the Rules of Civil Procedure. *See generally Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970) (noting and discussing North Carolina's transition to the Rules of Civil Procedure in 1970). In *Hartford* the defendant moved for a discretionary venue change before filing his answer. On appeal this Court determined that because "it is impossible to anticipate what issues may be raised" by a defendant, the court could not exercise its discretion "until the allegations of the complaint [were] traversed." *Hartford*, 225 N.C. at 362, 34 S.E.2d at 204-05. At that time, "traverse" may have implied the need for a formal answer under our code pleading system. *See Traverse, Black's Law Dictionary* (10th ed. 2014) (defined as "[a] formal denial of a factual allegation made in the opposing party's pleading").

Under our current notice pleading system, however, neither the Rules of Civil Procedure nor the plain text of N.C.G.S. § 1-83 prohibits a party from filing a motion for a discretionary venue change before filing an answer. The Rules of Civil Procedure merely require that a party provide the court sufficient information in a written motion so the trial court may appropriately exercise discretion to rule on the motion's merits. *See* N.C.G.S. § 1A-1, Rule 7(b)(1) (2017) (stating that motions typically "shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought"). *Hartford*'s underlying rationale and principal holding that the defendant failed to provide sufficient information contesting the plaintiff's venue choice in a formal filing thus parallels the

modern requirements under the Rules of Civil Procedure. As long as the party provides sufficient information in a motion, the trial court's discretionary venue change does not need to await a party's filing of an answer.[1]

Before filing an answer, defendant here moved to change venue both as of right and in the court's discretion. The trial court first found that, even though plaintiff recently moved to Union County, the venue was legally proper and could not be changed as of right. The trial court then properly evaluated whether to grant defendant's discretionary motion to change venue. Defendant's motion contained many facts affecting venue, such as the parents' and children's current and past residency information, as well as the location of the children's school, disputed assets, potential witnesses with firsthand knowledge, and the ongoing child abuse investigation.[2] Thus, defendant gave the trial court sufficient information, which allowed that court to exercise its discretion and order the venue changed to Pitt County. While the trial court had sufficient information to rule on the timely motion,

---

[1] While defendant's motion clearly contests many allegations of the complaint, it is, as captioned, a motion under Rule 7(b) of the Rules of Civil Procedure and not an answer under Rule 8(b). *See* N.C.G.S. § 1A-1, Rule 7(b); *id.*, Rule 8(b) (2017).

[2] Plaintiff raises a question about whether the trial court should have considered discretionary venue change at the motion hearing. Any argument that addresses the merits of the trial court's decision to grant a discretionary change of venue, as compared to its authority to do so, is more properly addressed in an appeal from any final judgment in this case, if properly preserved. As a result, we express no opinion concerning whether the trial court may have erred in granting defendant's discretionary change of venue motion; instead, we simply hold that the trial court had the authority necessary to make such a decision.

the trial court's discretionary determination is interlocutory and affects no substantial right of either party. Therefore, plaintiff's appeal is premature and must be dismissed, though plaintiff may still challenge the trial court's discretionary venue decision in an appeal taken from a final judgment, if the issue is properly preserved.

In sum, we hold that defendant's motion, though not an answer, was timely filed and properly considered by the trial court. We further hold that plaintiff's appeal from the trial court's order is interlocutory and warrants dismissal. Accordingly, we modify and affirm the decision of the Court of Appeals dismissing the appeal as interlocutory.

MODIFIED AND AFFIRMED.