HARTFORD ACCIDENT AND INDEMNITY COMPANY v. GURNEY P. HOOD, COMMISSIONER OF BANKS, AND THEREFORE STATUTORY RECEIVER, BANK OF BLACK MOUNTAIN.

(Filed 6 June, 1945.)

**1. Venue § 1b: Banks and Banking § 13—**

In determining the residence of fiduciaries for the purpose of venue or citizenship, the personal residence of the fiduciary controls, in the absence of statute. This is true as to receivers, trustees, executors and administrators, including statutory receivers of banks, G. S., 53-20, G. S., 53-22.

**2. Venue § 4a—**

In an action by plaintiff against a fiduciary, brought in the county of the personal residence of the defendant, seeking to have the legal effect of certain written agreements construed, defendant is not entitled, as a matter of law, to removal; and, until the allegations of the complaint are traversed, the occasion for the exercise of discretion will not arise upon motion for removal for the convenience of witnesses and the promotion of justice.

**3. Venue § 4b—**

The exercise of the court's discretion, in granting or refusing to grant a motion for removal for the convenience of witnesses and the promotion of justice, after the issues are joined, is not reviewable on appeal in the absence of abuse of discretion.

APPEAL by plaintiff from *Johnson, Jr., Special Judge,* at February Term, 1945, of WAKE.

The facts pertinent to this appeal will be found in the *per curiam* opinion disposing of appellee's motion to dismiss the appeal, *ante,* 187.

From the order granting the defendant's motion to remove this cause from Wake to Buncombe County, as a matter of right and also in the exercise of the court's discretion, for the convenience of witnesses and the promotion of justice, the plaintiff appeals, assigning error.

*A. J. Fletcher and J. C. B. Ehringhaus for plaintiff.*
*R. R. Williams for defendant.*

DENNY, J.   The defendant is statutory receiver of the Bank of Black Mountain and as such is subject to the provisions of Article thirteen,

Chapter fifty-five, relating to receivers, when not inconsistent with the provisions of G. S., 53-20. G. S., 53-22. This Court, in *Biggs v. Bowen,* 170 N. C., 34, 86 S. E., 692, held that Revisal, 424 (now G. S., 1-82), governed the venue of an action brought by the receiver of a corporation. The Court said: "The authorities seem to be uniform that in determining the residence of fiduciaries for the purpose of venue or citizenship, the personal residence of the fiduciary controls, in the absence of statute. This is true as to receivers, trustees, executors and administrators. 11 Cyc., 869, and notes." *Lawson v. Langley,* 211 N. C., 526, 191 S. E., 229; *Barber v. Powell,* 222 N. C., 133, 22 S. E. (2d), 214.

It will be noted that the right of the appellant to have its written contracts construed, and its status determined in relation thereto in a declaratory judgment, as provided in our Uniform Declaratory Judgment Act, is not challenged by demurrer, answer or otherwise. Therefore, the sole question presented for our determination on this appeal, is whether or not the defendant is entitled, as a matter of law and for the convenience of witnesses and the promotion of justice, to have an action removed, in which the plaintiff is seeking to have the legal effect of certain of its written agreements construed as provided in our Uniform Declaratory Judgment Act, no issues of fact having yet been joined.

We are of opinion that upon the allegations of the complaint, the defendant is not entitled, as a matter of law, to a removal of this cause from Wake County, the residence of defendant, receiver. Of course it is impossible to anticipate what issues may be raised, when answer or other pleadings are filed. But, until the allegations of the complaint are traversed, the occasion for the exercise of discretion will not arise upon the motion for removal for the convenience of witnesses and the promotion of justice. If issues of fact are raised when the answer is filed, which will necessitate a jury trial and the attendance of witnesses, the court may in its discretion grant defendant's motion to remove to Buncombe County for the convenience of witnesses and the promotion of justice. *Riley v. Pelletier,* 134 N. C., 316, 46 S. E., 734; *Howard v. Hinson,* 191 N. C., 366, 131 S. E., 748. The exercise of the court's discretion in granting or refusing to grant a motion for removal for the convenience of witnesses and the promotion of justice, after the issues are joined, is not reviewable on appeal in the absence of an abuse of discretion. *Power Co. v. Klutz,* 196 N. C., 358, 145 S. E., 681; *Causey v. Morris,* 195 N. C., 532, 142 S. E., 783; *Curlee v. Bank,* 187 N. C., 119, 121 S. E., 194; *Perry v. Perry,* 172 N. C., 62, 89 S. E., 999; *Ludwick v. Mining Co.,* 171 N. C., 60, 87 S. E., 949; *Craven v. Munger,* 170 N. C., 424, 87 S. E., 216.

The judgment of the court below is

Reversed.