JOHN LOWTHER v. EDWIN G. WILSON AND DR. C. NASH HERNDON.

(Filed 15 June 1962.)

**Appeal and Error § 46; Venue § 8—**

It is premature for the court to grant a motion for change of venue for the convenience of witnesses before defendants have filed any pleadings, since prior to the joinder of issues there is no basis for the exercise by the court of its discretionary power to order change of venue on this ground.

APPEAL by plaintiff from *Shaw, J.,* January 1962 Civil Term of ALAMANCE.

Action to recover damages for false arrest and false imprisonment, instituted in the Superior Court of Alamance County.

The complaint alleges: Defendant Herndon is a physician and defendant Wilson is Dean of Wake Forest College, and they are resi-

dents of Forsyth County. Plaintiff is a citizen of Alamance County and at the Fall Semester 1960 was a ministerial student at Wake Forest College. On 7 November 1960 defendants, pursuant to a conspiracy between them, illegally, wrongfully and maliciously caused plaintiff to be arrested and committed to Umstead Hospital for the mentally ill at Camp Butner, where he was detained until 25 November 1960. Plaintiff is entitled to recover compensatory and punitive damages.

Defendants, before otherwise pleading, moved for a change of venue as a matter of right and for convenience of witnesses, and assigned the following grounds: (1) Neither plaintiff nor defendants are residents of Alamance County; (2) plaintiff is a resident of the State of Illinois, and is temporarily residing in Forsyth County, North Carolina, and in Virginia; (3) the acts of defendants, complained of in the complaint, were done and performed to aid and assist public officials of Forsyth County; and (4) a great number of witnesses, many of them public officials, who will be required to testify at the trial, reside in Forsyth County.

The court made no express ruling on the first three grounds, but, as a matter of discretion and on the basis of facts found, ordered the cause removed to Forsyth County for convenience of witnesses.

Plaintiff appeals.

*Dalton, Long & Latham for plaintiff.*
*Deal, Hutchins & Minor for defendants.*

PER CURIAM. The court's discretionary ruling was premature. ". . . (I)t is impossible to anticipate what issues may be raised, when answer or other pleadings are filed. But, until the allegations of the complaint are traversed, the occasion for the exercise of discretion will not arise upon the motion for removal for the convenience of witnesses and the promotion of justice. If issues of fact are raised when the answer is filed, which will necessitate a jury trial and the attendance of witnesses, the court may in its discretion grant (the) motion to remove . . . for convenience of witnesses and the promotion of justice." *Indemnity Co. v. Hood, Comr.,* 225 N.C. 361, 34 S.E. 2d 204. Defendants' contention that plaintiff has waived his right to invoke the well settled rule of the *Hood* case is not sustained.

The judgment below will be vacated *in toto.* Defendants, if so advised, may, before answering, insist upon a ruling on the components of their motion asserted as a matter of right. And after answers are filed, if issues are joined, they may insist upon a ruling on the motion for removal for convenience of witnesses and promotion of justice.

Reversed.