SWIFT AND COMPANY v. DAN-CLEVE CORPORATION AND F. ROLAND DANIELSON AND BILL CLEVE TRADING AND DOING BUSINESS AS SHERATON MOTOR INN AND SHERATON MOTOR INN RESTAURANT

No. 755DC303

(Filed 2 July 1975)

1. **Venue § 1— waiver — failure to pursue until motion for sanctions**

Defendants did not waive the defense of improper venue by their failure to pursue the motion until plaintiff filed its motion for sanctions for defendants' failure to answer interrogatories some four months after defendants moved in their answer for change of venue. G.S. 1A-1, Rule 12(b)(3).

2. **Venue § 7— motion to remove to proper county — verification — affidavits**

Defendants' motion for a change of venue to the proper county was not required to be verified or supported by affidavits.

APPEAL by defendants from *Barefoot, Judge.* Order entered 28 February 1975 in District Court, NEW HANOVER County. Heard in the Court of Appeals 11 June 1975.

Plaintiff instituted this action on 20 September 1974 seeking to recover on an open account for products sold to defendants. In their answer defendants denied the debt and moved for change of venue on the grounds that none of the parties resided in New Hanover County and the action did not arise there.

On 16 January 1975 plaintiff filed interrogatories. When defendants failed to answer within 30 days, plaintiff filed a motion for sanctions whereupon defendants filed notice of hearing on their motion for change of venue. A hearing was held on the motions, and the court entered an order denying defendants' motion and holding that they had impliedly waived their motion for change of venue. Defendants appealed to this Court.

*Stevens, McGhee, Morgan & Lennon, by Charles E. Sweeney, Jr., for plaintiff appellee.*

*Vaughan S. Winborne for defendant appellants.*

ARNOLD, Judge.

The question presented by this appeal is whether the trial court's findings of fact support its conclusion that defendants impliedly waived their motion for venue change as a matter of right.

Venue is not jurisdictional. It may be waived "unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county. . . ." G.S. 1-83. *See Nelms v. Nelms,* 250 N.C. 237, 108 S.E. 2d 529 (1959); *Roberts v. Moore,* 185 N.C. 254, 116 S.E. 728 (1923). Under G.S. 1A-1, Rule 12(b)(3), the defense of improper venue may be raised in the answer if no pre-answer motions have been made. If not raised in the answer, the defense is waived. Nevertheless, the trial court has no discretion in ordering a change of venue if demand is properly made and it appears that the action has been brought in the wrong county. *Mitchell v. Jones,* 272 N.C. 499, 158 S.E. 2d 706 (1968); *Teer Co. v. Hitchcock Corp.,* 235 N.C. 741, 71 S.E. 2d 54 (1952).

[1] The court below found as a fact that defendants' demand was timely. Thus, the sole basis for the court's conclusion that defendants impliedly waived venue was its finding that they did not pursue their motion until plaintiff filed its motion for sanctions. While failure to press a motion to remove may constitute waiver under certain circumstances, *see, e.g., Wynne v. Conrad,* 220 N.C. 355, 17 S.E. 2d 514 (1941), there is no implication of waiver in a delay of only four months. The fact that it was plaintiff's motion which prodded defendants into action is immaterial. Having made timely demand, defendants were entitled to show that venue was improper.

[2] Plaintiff, citing *Chow v. Crowell,* 15 N.C. App. 733, 190 S.E. 2d 647 (1972), contends that defendants have filed no verified motion or affidavits pursuant to G.S. 1-85 and have failed to carry the burden of proving facts alleged in their motion to remove. We disagree.

Nothing in the Rules of Civil Procedure requires that the motion be verified. *See* G.S. 1A-1, Rule 7(b)(2), Rules 11(a)

and (b), and Rule 12(b)(3). The requirement of G.S. 1-85 that affidavits set forth particularly and in detail grounds for removal refers only to G.S. 1-84 (removal for fair trial) and not to G.S. 1-83 (removal where county designated not proper). G.S. 1-83 requires only that a demand for venue change be in writing.

Furthermore, the *Chow* case requires affidavits of a moving party only when opposing affidavits are submitted. In the case at bar, plaintiff filed no affidavits opposing defendants' motion on its merits. Defendants' failure to file affidavits or verified motion therefore is not fatal.

Since the trial court's findings of fact are clearly insufficient to support its conclusion that defendants waived their motion to remove, the order denying the motion must be reversed and the cause remanded for a determination of proper venue under G.S. 1-82.

Reversed and remanded.

Chief Judge BROCK and Judge PARKER concur.