EARNEST D. POTEAT, ADMINISTRATOR OF THE ESTATES OF ROBERT C. POTEAT, DECEASED, AND JANICE M. POTEAT, DECEASED v. SOUTHERN RAILWAY CO., WILLIAM E. ALLEN JR., AND FREDERICK A. THOMASSON

No. 7618SC860

(Filed 4 May 1977)

Venue § 8— motion for venue change — answer as prerequisite

The trial court had no authority to entertain a motion under G.S. 1-83(2) for a change of venue to promote the convenience of witnesses and the ends of justice prior to the time an answer was filed in the case.

APPEAL by plaintiff from *McConnell, Judge*. Order entered 8 September 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 13 April 1977.

This is a civil action wherein the plaintiff, Earnest D. Poteat, administrator of the estates of Robert C. Poteat and Janice M. Poteat, seeks to recover damages from the defendants, Southern Railway Co., a Virginia Corporation, William E. Allen, Jr., and Frederick A. Thomasson, residents of Rowan County, North Carolina, for the wrongful death of Robert C. Poteat and Janice M. Poteat, allegedly resulting from a collision in Rockingham County between an automobile in which the deceased were passengers and a train owned by defendant Southern Railway Co. and operated by its employees, defendants Allen and Thomasson, within the scope of their employment.

In his complaint plaintiff alleged that defendant Southern Railway "is domesticated in North Carolina, and maintains an office in Greensboro, North Carolina."

Defendants did not file answer, but moved that venue be changed from Guilford to Rockingham County. In support of their motion defendants offered the affidavit of their attorney that most of the witnesses involved were residents of Rockingham County and that he intended to request a jury view of the

Poteat v. Railway Co.

scene of the accident in Rockingham County. Plaintiff responded with affidavit to the effect that the road from his home in Virginia to Greensboro is superior to the road to Wentworth and that he "would find it much more convenient and helpful if this matter were tried in Greensboro rather than in Wentworth, North Carolina."

On 8 September 1976 the court entered the following order:

"THIS CAUSE being heard by the undersigned Judge of Superior Court on motion of Defendants for change of venue, and it appearing to the Court that the plaintiff is a citizen and resident of Henry County, Virginia, and that the defendant Southern Railway Company is a railroad corporation and that the two individual defendants are employees of Southern Railway Company; and it further appearing to the Court that the accident the subject of this action arose in Rockingham County, North Carolina, and that G.S. 1-81 makes Rockingham County the proper county for the trial of this action; and it further appearing to the Court that with the exception of the parties and other employees of defendant railroad all presently known witnesses are residents of Rockingham County and that the convenience of the witnesses and the ends of justice will be promoted by removing the venue of trial of this action from Guilford County to Rockingham County and that the motion should be ALLOWED;

"IT IS THEREFORE ORDERED that this action be transferred to the Superior Court of Rockingham County, North Carolina."

Plaintiff appealed.

*Turner, Enochs, Foster & Burnley by James H. Burnley IV for plaintiff appellant.*

*Griffin, Post, Deaton & Horsley by Hugh P. Griffin, Jr., Peter M. McHugh, and William F. Horsley for defendant appellees.*

---

**Poteat v. Railway Co.**

---

HEDRICK, Judge.

G.S. 1-83 in pertinent part provides

"The court may change the place of trial in the following cases:

    (1) When the county designated for that purpose is not the proper one.

    (2) When the convenience of witnesses and the ends of justice would be promoted by the change."

The plaintiff in the present case designated Guilford County as the place of trial. In his order changing the place of trial, Judge McConnell declared that " . . . Rockingham County [is] the proper county for the trial of this action . . . . " While the record may support the court's conclusion that Rockingham County is a proper venue, this conclusion does not support the order removing the case under G.S. 1-83(1), since the court did not find or conclude that Guilford County was *not* a proper place of trial. Indeed, on the record before us, Guilford County is a proper place of trial whether venue is determined under G.S. 1-81 or G.S. 1-82.

The trial court clearly has authority to change the place of trial of an action pursuant to the provisions of G.S. 1-83(2) to promote the convenience of witnesses and the ends of justice. However, our courts have consistently held that the court has no authority to entertain a motion under this section of the statute until an answer has been filed. *Thompson v. Horrell,* 272 N.C. 503, 158 S.E. 2d 633 (1968); *Lowther v. Wilson,* 257 N.C. 484; 126 S.E. 2d 50 (1962); *Indemnity Co. v. Hood, Comr.,* 225 N.C. 361, 34 S.E. 2d 204 (1945). Although this rule has been characterized as "hypertechnical," 1 McIntosh, North Carolina Practice and Procedure, § 834, n. 32 (Supp. 1970), we feel compelled to follow the rule and hold Judge McConnell erred in allowing defendants' motion for a change of venue to promote the convenience of witnesses and the ends of justice, since no answer has been filed in this case.

For the reasons stated the order appealed from is

Reversed.

Judge MORRIS and ARNOLD concur.