GODLEY CONSTRUCTION CO., INC. v. L. BRUCE McDANIEL AND SHELDON
L. FOGEL D/B/A McDANIEL AND FOGEL, ATTORNEYS AT LAW

No. 7826SC581

(Filed 3 April 1979)

1. **Venue § 9— motion for change of venue—court's belief or disbelief of affidavits**

    In ruling upon a motion for a change of venue, the trial court is entirely
    free to either believe or disbelieve affidavits presented by the movant without
    regard to whether they were controverted by evidence of the opposing party.

2. **Venue § 8— motion for change of venue—convenience of witnesses—ends of justice—most witnesses in another county**

    Affidavits showing that only one witness and one party reside in Mecklen-
    burg County where the action was instituted while the other parties and
    witnesses reside in Wake County did not necessarily require the court to find
    that a change of venue to Wake County would promote the convenience of the
    witnesses and the ends of justice.

3. **Venue § 8— convenience of witnesses—ends of justice—discretion to change venue**

    G.S. 1-83(2) permits but does not require the trial court to order a change
    of venue when the court finds that the convenience of witnesses and the ends
    of justice would be promoted by a change of venue.

4. **Venue § 8— convenience of witnesses—ends of justice—refusal to change venue—when abuse of discretion**

    A trial court has not manifestly abused its discretion in refusing to change
    the venue for trial of an action pursuant to G.S. 1-83(2) unless it appears from
    the matters and things in evidence before the trial court that the ends of
    justice will not merely be promoted by, but in addition demand, the change of
    venue (G.S. 1-85) or that failure to grant the change of venue will deny the
    movant a fair trial (G.S. 1-84).

APPEAL by defendants from *Griffin, Judge.* Order entered 17
April 1978 in Superior Court, MECKLENBURG County. Heard in
the Court of Appeals 9 March 1979.

The plaintiff initiated this action by filing a complaint in
Mecklenburg County in which it alleged that it is a North
Carolina corporation with its principal office in Mecklenburg
County and that the defendants are attorneys at law practicing in
Wake County. The plaintiff further alleged that it had contracted
with Lemon Tree Inn of Raleigh, Inc. [hereinafter "Lemon Tree"]
for construction of a motel in Raleigh, that the defendants
represented Lemon Tree in the closing of a permanent construc-

tion loan in Raleigh and that Lemon Tree subsequently became bankrupt. The plaintiff additionally alleged that the defendants negligently violated their fiduciary duty and breached their contract as escrow agents thereby causing the plaintiff to be damaged.

The defendants answered and thereafter moved pursuant to G.S. 1-83(2) for a change of venue to Wake County for trial. In their motion, the defendants alleged that all transactions in question took place in Wake County, that the plaintiff had previously brought an action in Wake County against Lemon Tree which resulted in extensive discovery and voluminous exhibits which "would be readily available for use if the present case is tried in Wake County." The defendants also alleged that most of the witnesses involved were residents of Wake County.

In support of their motion, the defendants offered seven affidavits tending to show among other things that they will call eight witnesses at trial, that six of these witnesses live in Wake County and the other two live east of Wake County, that trial in Mecklenburg County will impose great expense and hardship upon these witnesses and that the voluminous exhibits arising from plaintiff's prior action in Wake County against Lemon Tree will be inconvenient to reproduce and transport to Mecklenburg County. The defendant's affidavits also tended to show that only one resident of Mecklenburg County will be a material witness in this action.

The trial court entered an order indicating that it had considered the defendants' motion together with the arguments presented by counsel and the affidavits and pleadings filed in this action and was of the opinion that the motion should be denied. From the order of the trial court denying their motion for a change of venue to Wake County, the defendants appealed.

*Bailey, Brackett & Brackett, P. A., by Martin L. Brackett, Jr., for plaintiff appellee.*

*Boyce, Mitchell, Burns & Smith, by Robert E. Smith, for defendant appellants.*

MITCHELL, Judge.

The defendants assign as error the trial court's denial of their motion for a change of venue to promote the convenience of witnesses and the ends of justice and contend that it constituted an abuse of discretion. The defendants made their motion for change of venue pursuant to G.S. 1-83(2) after they had filed their answer. Unlike motions for change of venue based upon allegations of improper venue, which must be made a part of the answer or filed as separate motions prior to answering, motions for change of venue made pursuant to G.S. 1-83(2) are properly made only after an answer has been filed. *Compare Thompson v. Horrell*, 272 N.C. 503, 158 S.E. 2d 633 (1968) *with, Swift and Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 216 S.E. 2d 464 (1975). As the defendants had filed their answer in the present case prior to making their motion for change of venue pursuant to G.S. 1-83(2), the trial court had authority to entertain the motion. *Poteat v. Railway Co.*, 33 N.C. App. 220, 234 S.E. 2d 447 (1977).

The defendants' motion for change of venue pursuant to G.S. 1-83(2) to promote the convenience of witnesses and the ends of justice presented a question of venue and not jurisdiction. Rulings on such questions are within the sound discretion of the trial court and are not subject to reversal except for manifest abuse of such discretion. *Cooperative Exchange v. Trull*, 255 N.C. 202, 120 S.E. 2d 438 (1961).

The defendants contend that the ruling of the trial court constituted a manifest abuse of discretion, as their affidavits presented overwhelming evidence clearly indicating that both the convenience of the witnesses and the ends of justice would be promoted by a change of venue to Wake County. The defendants further contend that their affidavits made out a *prima facie* showing that these interests would be promoted and shifted the burden to the plaintiff to go forward with evidence to the contrary. The plaintiff having introduced no affidavits or other evidence tending to contradict the affidavits of the defendants, the defendants argue that the trial court was compelled to find that both the convenience of witnesses and the ends of justice would be promoted by the requested change of venue. We do not agree.

**[1, 2]**   We find that the rule which has been long followed in this jurisdiction still prevails and that the trial court in ruling upon a motion for change of venue is entirely free to either believe or disbelieve affidavits such as those filed by the defendants without regard to whether they have been controverted by evidence introduced by the opposing party. *See State v. Smarr*, 121 N.C. 669, 28 S.E. 549 (1897). *But see, e.g., Harper v. Insurance Co.*, 244 S.C. 282, 136 S.E. 2d 711 (1964). Further, we do not think the defendants' affidavits showing that one witness and one party reside in Mecklenburg County, while the other parties and witnesses reside in Wake County, necessarily required a finding that a change of venue in the present case would promote the convenience of witnesses and the ends of justice. Even if the affidavits should be construed in the manner the defendants wish, we would remain unable to determine whether other facts brought to the court's attention or otherwise available indicated that the hardship to the witness and the party residing in Mecklenburg County arising from a change of venue would outweigh any hardship to the defendants and the witnesses from Wake County arising from denial of the change of venue.

**[3, 4]**   Additionally, had the trial court been compelled to accept as facts all of the matters asserted in the defendants' affidavits and to find that the convenience of witnesses and the ends of justice would be promoted by a change of venue, we do not think it would have been required to order a change of venue. In our view, when the trial court finds that the convenience of witnesses and the ends of justice would be promoted by a change of venue, G.S. 1-83(2) permits but does not require the trial court in its discretion to order such a change of venue. *See Craven v. Munger*, 170 N.C. 424, 87 S.E. 216 (1915). The long-standing rule in this jurisdiction remains undiminished and, in such situations, the trial court's decision to deny the motion for change of venue in its discretion still may be reversed only upon a showing of a manifest abuse of such discretion. *Cooperative Exchange v. Trull*, 255 N.C. 202, 120 S.E. 2d 438 (1961). The existing case precedent tends to indicate that the trial court has not manifestly abused its discretion in refusing to change the venue for trial of an action pursuant to G.S. 1-83(2) unless it appears from the matters and things in evidence before the trial court that the ends of justice will not merely be promoted by, but in addition demand, the

change of venue (G.S. 1-85) or that failure to grant the change of venue will deny the movant a fair trial (G.S. 1-84).

It may well be that the prevailing rules applying to motions for change of venue, as previously set forth herein, are not the best which could be devised. *See generally, e.g.*, Annot., 74 A.L.R. 2d 16 (1960). Nevertheless, we believe them to apply in this jurisdiction. The fact that our research does not readily lead to any case in which a trial court in this jurisdiction ever has been reversed in the exercise of the discretion conferred upon it by G.S. 1-83(2) tends to offer additional support to the view that the former rules remain unchanged. Unlike the Supreme Court of North Carolina and the General Assembly of North Carolina, we are never free to alter or reject rules which have been established in cases previously decided by the supreme judicial authority of this State.

The order of the trial court denying the defendant's motion for change of venue is

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.