IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-440

 Filed: 20 February 2018

Union County, No. 16-CVD-2822

BREE RUSHING STOKES, Plaintiff/Mother,

 v.

WILLIAM COREY STOKES, II, Defendant/Father

 Appeal by plaintiff from order entered 9 February 2017 by Judge N. Hunt

Gwyn in Union County District Court. Heard in the Court of Appeals 31 October

2017.

 Collins Family Law Group, by Rebecca K. Watts, for plaintiff-appellant.

 Passenant & Shearin Law, by Brione B. Pattison, for defendant-appellee.

 BRYANT, Judge.

 Where the trial court’s order granting defendant’s motion to change venue was

based on N.C. Gen. Stat. § 1-83(2), the convenience of the witnesses, and where a

motion for change of venue filed contemporaneously with responsive pleadings is not

untimely filed, the trial court’s order is interlocutory and not immediately appealable,

and we dismiss plaintiff’s appeal.

 Plaintiff Bree Stokes and defendant William Stokes were married on 6 April

2002 and separated on 20 April 2016. During the marriage, the parties had two

children. In April 2016, defendant filed an action for domestic violence against
 STOKES V. STOKES

 Opinion of the Court

plaintiff in Pitt County. Plaintiff counterclaimed, asking for child custody, child

support, alimony, and equitable distribution. At some point, an ex parte domestic

violence protective order was entered against plaintiff, which included temporary

custody provisions. Before 20 October 2016, both parties dismissed their claims, and

the domestic violence order was set aside.

 On or about 20 October 2016, plaintiff and the minor children relocated from

Pitt County to Union County, while defendant remained a resident of Pitt County.

On 24 October 2016, plaintiff filed a complaint for child custody, child support, and

equitable distribution in Union County. On 26 October 2016, defendant filed his own

custody action in Pitt County. Thereafter, on 9 November 2016, defendant filed a

motion in Union County for emergency ex parte custody and motion to dismiss for

improper venue, or in the alternative, a motion to change venue in the Union County

case.

 On 6 December 2016, the trial court in Union County conducted a hearing on

defendant’s motion to change venue. After hearing testimony from the parties and

the arguments of counsel on the issue of venue, the trial court ruled that venue was

proper in both Pitt and Union Counties, but ordered that venue be changed to Pitt

County by order entered 9 February 2017. Plaintiff appeals.

 _________________________________________________________

 -2-
 STOKES V. STOKES

 Opinion of the Court

 On appeal, plaintiff argues the trial court erred as a matter of law and abused

its discretion in changing venue from Union County to Pitt County. Specifically,

plaintiff contends that venue is proper in Union County and to the extent the order

is an attempt to change venue for the convenience of witnesses, the trial court abused

its discretion in changing venue to Pitt County. We disagree.

 A. The Nature of Defendant’s Motion

 The trial court’s venue order is an interlocutory order in that the parties’ claims

for child custody, child support, and equitable distribution remain unresolved. “An

appeal of an order disposing of . . . a [venue] motion is interlocutory because ‘it does

not dispose of the case.’ ” Snow v. Yates, 99 N.C. App. 317, 319, 392 S.E.2d 767, 768

(1990) (quoting DesMarais v. Dimmette, 70 N.C. App. 134, 135, 318 S.E.2d 887, 888

(1984)). “Generally, there is no right to appeal an interlocutory order, unless the trial

court’s decision affects a substantial right of the appellant which would be lost absent

immediate review.” Caldwell v. Smith, 203 N.C. App. 725, 727, 692 S.E.2d 483, 484

(2010) (citing Boynton v. ESC Med. Sys., Inc., 152 N.C. App. 103, 105–06, 566 S.E.2d

730, 731 (2002)). “Our courts have established, however, that ‘[m]otions for change

of venue because the county designated is not proper affect a substantial right and

are immediately appealable.’ ” Heustess v. Bladenboro Emergency Servs., Inc., ___

N.C. App. ___, ___, 791 S.E.2d 669, 671 (2016) (alteration in original) (quoting Hawley

v. Hobgood, 174 N.C. App. 606, 608, 622 S.E.2d 117, 119 (2005)).

 -3-
 STOKES V. STOKES

 Opinion of the Court

 “[G]rant or denial of a motion asserting a statutory right to venue affects a

substantial right and is immediately appealable.” Snow, 99 N.C. App. at 319, 392

S.E.2d at 768 (emphasis added) (citing Gardner v. Gardner, 300 N.C. 715, 719, 268

S.E.2d 468, 471 (1980)). On the other hand, “an order denying [or granting] a motion

for change of venue . . . based upon the convenience of witnesses and the ends of justice,

is an interlocutory order and not immediately appealable.” Kennon v. Kennon, 72

N.C. App. 161, 164, 323 S.E.2d 741, 743 (1984) (emphasis added) (citations omitted).

In other words, “an appeal from a discretionary ruling as to venue is interlocutory,

does not affect a substantial right, and is not immediately appealable[;] a

determination of venue based upon a statutory right to venue in a particular county

is immediately appealable.” ITS Leasing, Inc. v. RAM DOG Enters., LLC, 206 N.C.

App. 572, 574, 696 S.E.2d 880, 882 (2010) (citations omitted).

 In the instant case, defendant filed a motion in response to plaintiff’s complaint

in Union County titled “Motion for Emergency Ex Parte Custody and Motion To

Dismiss For Improper Venue, or in the alternative, Motion to Change Venue.”

(Emphasis added). In his motion filed in Union County, defendant objected to venue

based on subsections (1) and (2) of N.C. Gen. Stat. § 1-83, and requested as follows:

 3. That the Court dismiss Plaintiff’s Complaint for Child
 Custody, Child Support, and Equitable Distribution;

 4. Or in the alternative, that the Court change venue of this
 action from Union County, North Carolina to Pitt County,
 North Carolina and consolidate the matter with the action

 -4-
 STOKES V. STOKES

 Opinion of the Court

 filed by Father in that county.

 Our Court has stated that “[u]nlike motions for change of venue based upon

allegations of improper venue, which must be made a part of the answer or filed as

separate motions prior to answering, motions for change of venue made pursuant to

G.S. 1-83(2) are properly made only after an answer has been filed.” Godley Constr.

Co., Inc. v. McDaniel, 40 N.C. App. 605, 607, 253 S.E.2d 359, 360 (1979) (citations

omitted).

 However, the instant case is analogous to ITS Leasing:

 Analysis of this case, and even the determination of
 whether this interlocutory appeal is immediately
 appealable, is complicated by the fact that neither
 defendant’s motion nor the trial court’s order identified the
 specific basis for the change of venue, although one basis
 for the change of venue is of right and the other is
 discretionary. Also, an appeal from a discretionary ruling
 as to venue is interlocutory, does not affect a substantial
 right, and is not immediately appealable, Kennon v.
 Kennon, 72 N.C. App. 161, 164, 323 S.E.2d 741, 743 (1984);
 a determination of venue based upon a statutory right to
 venue in a particular county is immediately appealable.
 Snow v. Yates, 99 N.C. App. 317, 319, 392 S.E.2d 767, 768
 (1990).

206 N.C. App. at 574, 696 S.E.2d at 882. Thus, where, as here, “the parties have

raised arguments both as to discretionary venue under N.C. Gen. Stat. § 1-83(2) and

venue as of right[,] . . . and the trial court did not specify the basis for its ruling, we

must address both.” Id. at 575, 696 S.E.2d at 882.

 Pursuant to N.C. Gen. Stat. § 1-83,

 -5-
 STOKES V. STOKES

 Opinion of the Court

 [i]f the county designated for that purpose in the summons
 and complaint is not the proper one, the action may,
 however, be tried therein, unless the defendant, before the
 time of answering expires, demands in writing that the
 trial be conducted in the proper county, and the place of
 trial is thereupon changed by consent of parties, or by order
 of the court.

 The court may change the place of trial in the following
 cases:

 (1) When the county designated for that purpose is not
 the proper one.

 (2) When the convenience of witnesses and the ends of
 justice would be promoted by the change.

N.C.G.S. § 1-83(1)–(2) (2015). “In all other cases the action must be tried in the county

in which the plaintiffs or the defendants, or any of them, reside at its commencement

. . . .” N.C. Gen. Stat. § 1-82 (2015).

 In the instant case, the trial court made the following findings of fact in its

order to change venue:

 1. Plaintiff (hereinafter “Mother”) is a citizen of North
 Carolina and has resided in Union County, North Carolina
 since October 20, 2016. Prior to October 20, 2016, Mother
 was a citizen and resident of Pitt County, North Carolina.

 2. Defendant (hereinafter “Father”) is a citizen and
 resident of Pitt County, North Carolina.

 3. The parties are parents of (2) minor children, . . . born
 August 22, 2003, and . . . June 14, 2008 (hereinafter the
 “minor children”).

 4. The minor children have resided in Pitt County, North

 -6-
 STOKES V. STOKES

 Opinion of the Court

Carolina since their birth. Mother moved to Union County,
North Carolina on October 20, 2016 without Father’s
knowledge or consent.

5. On October 24, 2016, Mother filed a Complaint for
Child Custody in Union County District Court.

6. On November 9, 2016, Father filed a Motion to
Dismiss, a Motion to Change Venue and an Ex Parte
Motion for Emergency Custody in Union County.

7. The parties own several businesses, a home and a
parcel of real estate which are all located in Pitt County,
North Carolina.

8. The minor children have attended school in Pitt
County their entire lives.

9. The minor children’s therapists, doctors, coaches and
teachers all reside in Pitt County.

10. N.C.G.S. § 1-82 allows for the proper venue of cases to
be heard in the county in which the Plaintiff’s [sic] or the
Defendant’s [sic] reside with the emphasis on the word “or”.
The disjunctive allows some cases, such as this one, to be
in either venue.

11. N.C.G.S. § 1-83 literally says, “If the county designated
for that purpose in the summons and complaint is not the
proper one, the action may, however, be tried therein,
unless the defendant, before the time of answering expires,
demands in writing that the trial be conducted in the
proper county, and the place of trial is thereupon changed
by consent of the parties, or by order of the court.” The
Defendant filed a written response on November 9, 2016
that was filed within the time for answering and it is a
written request of the court to change venue along with
other relief requested. The Court finds this is a responsive
pleading amounting to an answer and that was timely filed.

 -7-
 STOKES V. STOKES

 Opinion of the Court

(Emphasis added).

 The trial court’s findings of fact do not make it abundantly clear under which

subsection of N.C. Gen. Stat. § 1-83—(1) or (2)—the trial court concluded that

“[v]enue of this action is proper in Pitt County, North Carolina[,]” and granted

defendant’s motion to change venue to Pitt County. However, as the trial court

specifically found venue to be proper “in either venue,” it would appear that the trial

court’s decision to grant defendant’s motion to change venue to Pitt County was based

on subsection (2), the convenience of the witnesses. See N.C.G.S. § 1-83(2) (“The court

may change the place of trial . . . [w]hen the convenience of witnesses and the ends of

justice would be promoted by the change.”).

 Thus, because the trial court’s order granting defendant’s motion to change

venue was based on N.C. Gen. Stat. § 1-83(2), the convenience of the witnesses, such

an order is interlocutory “and not immediately appealable.” Kennon, 72 N.C. App. at

164, 323 S.E.2d at 743. Nevertheless, plaintiff argues that defendant’s motion to

change venue was prematurely filed, and as a result the order should be vacated.

 B. The Timeliness of Defendant’s Motion

 “Motions for change of venue based on the convenience of witnesses, pursuant

to section 1-83(2), must be filed after the answer is filed.” ITS Leasing, 206 N.C. App.

at 576, 696 S.E.2d at 883 (emphasis added) (citation omitted) (quoting Smith v.

Barbour, 154 N.C. App. 402, 407, 571 S.E.2d 872, 876 (2002)) (holding that where the

 -8-
 STOKES V. STOKES

 Opinion of the Court

defendant’s motion for change of venue was based upon the convenience of the

witnesses and filed prior to an answer, “it was therefore prematurely filed”).

 In the instant case, the trial court found as fact that defendant’s motion for

change of venue “is a responsive pleading amounting to an answer and that was

timely filed.” (Emphasis added). While our case law makes clear that a defendant’s

motion for change of venue based on subsection (2) of section 1-83 is premature if filed

before the answer, see id., it is less clear what result issues when a motion for change

of venue is filed at the same time as an answer, or is deemed to also amount to answer,

as occurred in the instant case. In other words, the question is whether a motion to

change venue based on the convenience of the witnesses filed contemporaneously

with an answer is “prematurely filed.” We conclude that it is not.

 In Hartford Accident & Indemnity Co. v. Hood, the North Carolina Supreme

Court stated as follows:

 Of course it is impossible to anticipate what issues may be
 raised, when [an] answer or other pleadings are filed. But,
 until the allegations of the complaint are traversed, the
 occasion for the exercise of discretion will not arise upon
 the motion for removal for the convenience of witnesses
 and the promotion of justice. If issues of fact are raised
 when the answer is filed, which will necessitate a jury trial
 and the attendance of witnesses, the court may in its
 discretion grant defendant’s motion to remove . . . for the
 convenience of witnesses and the promotion of justice.

225 N.C. 361, 362, 34 S.E.2d 204, 204–05 (1945) (emphasis added) (citations omitted).

In other words, a case is not appropriate for removal to a different venue “until the

 -9-
 STOKES V. STOKES

 Opinion of the Court

allegations of the complaint are traversed.” The “traversing” refers to the work done

by the defendant in filing his answer; by filing his answer, the defendant “traverses”

the allegations in the complaint by answering them in a responsive pleading. Thus,

where a defendant’s answer is filed contemporaneously with a motion to change

venue or where a motion to change venue is such a responsive pleading that it

amounts to an answer, it is presumed that a defendant has “traversed” the allegations

of the plaintiff’s complaint such that any motion to change venue filed along with an

answer will, therefore, not be deemed to be prematurely filed.

 In the instant case, the trial court found that “[d]efendant filed a written

response [to plaintiff’s complaint] . . . that was filed within the time for answering

and it is a written request of the court to change venue along with other relief

requested. The Court finds this is a responsive pleading amounting to an answer and

that was timely filed.” (Emphasis added). Plaintiff has challenged this finding of fact

(Finding of Fact No. 11) as erroneous, arguing that defendant’s motion to change

venue does not meet the definition of an answer.

 Plaintiff argues that a motion to change venue for the convenience of the

witnesses is premature even if it is filed as part of the answer. However, because we

agree with the trial court that defendant’s responsive pleading in the instant case

amounts to an answer in that it addresses, inter alia, plaintiff’s claim for child custody

with defendant’s counterclaim for emergency ex parte custody, and moreover because

 - 10 -
 STOKES V. STOKES

 Opinion of the Court

defendant’s thirty-four factual allegations listed therein address issues not relevant

to the issue of venue. See Steel Creek Dev. Corp. v. James, 35 N.C. App. 272, 273, 241

S.E.2d 122, 123 (1978) (“The order of Judge Thornburg provided that defendants were

granted 30 days after the filing of an amendment to the complaint to file responsive

pleadings. We do not believe that the word “responsive” should be given such a

limited definition as to require that the defendants could only answer pleadings filed

by the plaintiff. We interpret the order allowing the defendants to file responsive

pleadings to give them the right to respond in any proper way they deem appropriate

to the amended complaint. This would include further answers and counterclaims.”);

see also Answer, Black’s Law Dictionary (10th ed. 2014) (defining an “answer” as

“usu[ally] set[ting] forth the defendant’s defenses and counterclaims”).

 Accordingly, we conclude that because the trial court found that defendant

filed a responsive pleading amounting to an answer contemporaneously with his

motion to change venue, the venue motion was not prematurely filed. We now

address the interlocutory nature of plaintiff’s appeal.

 Having concluded that the trial court’s venue change order is based on the

convenience of the witnesses, N.C. Gen. Stat. § 1-83(2), this conclusion renders

plaintiff’s appeal interlocutory. Kennon, 72 N.C. App. at 164, 323 S.E.2d at 743 (“[A]n

order granting a motion for a change of venue is interlocutory and not immediately

appealable.”). Therefore, plaintiff’s interlocutory appeal is

 - 11 -
 STOKES V. STOKES

 Opinion of the Court

DISMISSED.

Judge ARROWOOD concurs.

Judge MUPRHY dissents in a separate opinion.

 - 12 -
No. COA17-440 – Stokes v. Stokes

 MURPHY, Judge, dissenting.

 I accept the facts as set out by the Majority and I agree with the Majority’s

holding that the Order to Change Venue (“Order”) is based on N.C.G.S. § 1-83(2).

However, I respectfully dissent from the Majority’s holding that Defendant’s 9

November 2016 motion is a responsive pleading equating to an answer. In this case,

the trial court’s ruling on Defendant’s motion to change venue was premature because

Defendant had not yet filed an answer or responsive pleading traversing the

allegations in the complaint. Our appellate courts have consistently exercised

jurisdiction to reverse an untimely order related to the inconvenience of venue. See

Thompson v. Horrell, 272 N.C. 503, 505, 158 S.E.2d 633, 655 (1968); ITS Leasing,

Inc. v. Ram Dog Enters., 206 N.C. App. 572, 576, 696 S.E.2d 880, 883 (2010); Smith

v. Barbour, 154 N.C. App. 402, 407, 571 S.E.2d 872, 876 (2002); Godley Const. Co., v.

McDaniel, 40 N.C. App. 605, 607, 253 S.E.2d 359, 360-61 (1979); Poteat v. S. Ry. Co.,

33 N.C. App. 220, 222, 234 S.E.2d 447, 449 (1977); Lowther v. Wilson, 257 N.C. 484,

485, 126 S.E.2d 50, 51 (1962). We have jurisdiction to address this issue, and the

Order must be vacated as untimely.

 If a plaintiff files suit in an improper venue, a defendant must “demand[] in

writing that the trial be conducted in the proper county.” N.C.G.S. § 1-83 (2017). A

trial court has no discretion to deny a timely request to change the place of trial from

an improper venue to a proper one. Nello L. Teer Co. v. Hitchcock Corp., 235 N.C.
 STOKES V. STOKES

 MURPHY, J., dissenting.

741, 743, 71 S.E.2d 54, 56 (1952). A request is timely if it occurs “before the time of

answering expires.” N.C.G.S. § 1-83. A defendant must allege improper venue in a

motion prior to answering or as a part of the answer. Godley Const. Co., 40 N.C. App.

at 607, 253 S.E.2d at 360. “Under G.S. 1A-1, Rule 12(b)(3), the defense of improper

venue may be raised in the answer if no pre-answer motions have been made.” Swift

& Co. v. Dan-Cleve Corp., 26 N.C. App. 494, 495, 216 S.E.2d 464, 465 (1975).

However, because venue is not jurisdictional, it can be waived. Nello L. Teer Co., 235

N.C. at 744, 71 S.E.2d at 56. If a defendant fails to make such a request before

answering, he or she waives the objection to venue as of right. Id. As there is no way

to determine convenience prior to knowing what will be and will not be an issue at

trial, no such waiver occurs when a party fails to make an immediate motion to

change venue for convenience.

 A party may move the trial court to change venue “[w]hen the convenience of

witnesses and the ends of justice would be promoted by the change.” N.C.G.S. § 1-

83(2). The authority to grant such a request is within the trial court’s discretion,

reviewable only for manifest abuse of discretion. Godley Const. Co., 40 N.C. App. at

607, 253 S.E.2d at 361. Unlike a motion to change venue as of right, a motion to

change venue based on the convenience of the parties may only be made after an

answer has been filed. Id. The Supreme Court of North Carolina explained the

rationale for this interpretation in Hartford Accident & Indem. Co. v. Hood, 225 N.C.

 2
 STOKES V. STOKES

 MURPHY, J., dissenting.

361, 34 S.E.2d 204 (1945). The trial court cannot reasonably exercise its discretion

as to the convenience of parties and promotion of justice “until the allegations of the

complaint are traversed.” Id. at 362, 34 S.E.2d at 204. Our appellate courts have

reaffirmed this holding over the course of many generations. See Thompson, 272 N.C.

at 505, 158 S.E.2d at 635; ITS Leasing, Inc., 206 N.C. App. at 576, 696 S.E.2d at 883;

Smith, 154 N.C. App. at 407, 571 S.E.2d at 876; McCullough v. Branch Banking &

Trust Co., 136 N.C. App. 340, 350, 524 S.E.2d 569, 575-76 (2000); Godley Const. Co.,

40 N.C. App. at 607, 253 S.E.2d at 360-61; Poteat, 33 N.C. App. at 222, 234 S.E.2d at

449; Lowther, 257 N.C. at 485, 126 S.E.2d at 51.

 When the initial venue is proper, any change in venue must be based on

considerations of convenience and justice. Under Hartford and its progeny, a trial

court has authority to exercise its discretion in ordering a change in venue only after

a defendant has filed an answer. In this way, the two means of changing venue are

harmonious: before and up until the answer, a defendant may allege improper venue

and move for a change in venue as of right. After the answer, the previous objection

is waived, but a defendant may move the court for a change in venue as a matter of

convenience and justice.

 The Majority observes that a motion to change venue under N.C.G.S. § 1-83(2)

“is premature if filed before the answer.” The Majority also holds that a motion to

change venue under N.C.G.S. § 1-83(2) is proper when “filed contemporaneously with

 3
 STOKES V. STOKES

 MURPHY, J., dissenting.

an answer.” While this holding is not supported by precedent, it is logically

consistent. However, we need not decide the propriety of filing a motion to change

venue under N.C.G.S. § 1-83(2) at the same time as an answer, because Defendant’s

motion does not constitute an answer or other responsive pleading.

 Defendant’s Motion for Emergency Ex Parte Custody and Motion to Dismiss for

Improper Venue, or in the alternative, Motion to Change Venue is not a responsive

pleading within the meaning of the North Carolina Rules of Civil Procedure. By

definition, Defendant’s request is a motion, not an answer. More importantly,

Defendant’s motion does not “traverse” the allegations of Plaintiff’s Complaint, which

is the rationale underlying the rule from Hartford. See Hartford, 225 N.C. at 362, 34

S.E.2d at 204 (holding that a trial court cannot exercise its discretion to change venue

“until the allegations of the complaint are traversed”). Defendant moved to change

venue before filing an answer and the motion, under N.C.G.S. § 1-83(2), was not

properly before the trial court.

 Under N.C.G.S. § 1A-1, Rule 7(a), responsive pleadings include “a complaint

and an answer; a reply to a counterclaim denominated as such; an answer to a

crossclaim, if the answer contains a crossclaim” and other similar pleadings, which

are relevant only when third parties are involved. N.C.G.S. § 1A-1, Rule 7(a) (2017).

Rule 7(b)(1) defines “[m]otions and other papers” as “application[s] to the court for an

order” and requires that motions are written and that they include particular grounds

 4
 STOKES V. STOKES

 MURPHY, J., dissenting.

and relief sought. N.C.G.S. § 1A-1, Rule 7(b)(1). Rule 7(b)(2) provides that rules

applicable to the form of pleadings—like captions and signatures—apply to “all

motions and other papers provided for by these rules.” N.C.G.S. § 1A-1, Rule 7(b)(2).

The definitions within Rule 7 suggest that the terms “pleading” and “motion” are not

interchangeable. Pleadings are limited to complaints, answers, and replies, whereas

motions may include many types of requests for relief. See N.C.G.S. § 1A-1, Rule 7(a),

(b).

 Rule 8 provides for “[g]eneral rules of pleadings” and dictates the requirements

for claims for relief. N.C.G.S. § 1A-1, Rule 8 (2017). Rule 8(a) reiterates that

pleadings include “an original claim, counterclaim, crossclaim, or third-party claim”

and requires that pleadings include a demand for judgment. N.C.G.S. § 1A-1, Rule

8(a). Rule 8(b) details the “form of denials” in pleadings and requires a party to

“admit or deny the averments upon which the adverse party relies.” N.C.G.S. § 1A-

1, Rule 8(b).

 Admittedly, at times, this Court has interpreted some provisions of the above

Rules in a flexible manner. For example, in Brown v. Am. Messenger Serv., 129 N.C.

App. 207, 498 S.E.2d 384 (1998), this Court concluded that a letter that admitted

liability, included a certified check, and promised future payment amounted to an

answer, even though the letter did not conform to the requirements under the Rules.

Id. at 213, 498 S.E.2d at 388. We emphasized that “the general policy of the Rules of

 5
 STOKES V. STOKES

 MURPHY, J., dissenting.

Civil Procedure is to disregard the technicalities of form and determine the rights of

litigants on the merits.” Id. at 211, 498 S.E.2d at 387. Accordingly, noncompliance

with the form of pleadings required by the Rules is not dispositive. Id. at 212, 498

S.E.2d at 387. A response may constitute an answer if it “respond[s] to the allegations

of a complaint.” Id.

 Here, Defendant’s motion is not a responsive pleading but “[a]n application to

the court for an order.” N.C.G.S. § 1A-1, Rule 7(b)(1). The filing is titled a “motion,”

and the motion does not include admissions or denials as required by Rule 8(b). See

N.C.G.S. § 1A-1, Rule 8(b). The trial court found that Defendant’s motion is “a written

request of the court to change venue along with other relief requested,” but this

description does not resemble the standard for a responsive pleading like an answer.

Despite its written form and inclusion of a separate claim for relief—emergency ex

parte custody—Defendant’s motion does not constitute an answer. Although the trial

court found that Defendant’s motion was “a written response . . . filed within the time

for answering,” this standard appears in a part of N.C.G.S. § 1-83 that addresses

improper—not inconvenient—venue. As discussed above and by the Majority, the

Order does not conclude that venue is improper in Union County.

 Moreover, the failure of Defendant’s motion to respond to the allegations in

Plaintiff’s complaint is more than a mere Rule 8(b) violation. Unlike the response at

issue in Brown, where a letter was construed to constitute an answer, the

 6
 STOKES V. STOKES

 MURPHY, J., dissenting.

shortcomings in Defendant’s motion are substantive, not technical. See Brown, 129

N.C. App. at 213, 498 S.E.2d at 388. Without Defendant’s answer, the trial court

cannot exercise its discretion to grant a motion to change venue based on interests of

convenience or justice. Once Defendant answers and the allegations of the complaint

have been traversed, the trial court may exercise its discretion under N.C.G.S. § 1-

83(2) to change venue. In this case, Defendant must file an answer in Union County

before he may move for a change of venue to Pitt County.

 Domestic disputes often present our courts with the perceived responsibility to

prevent gamesmanship by litigants, however, we must step back and review this case

in light of the general application of our Rules throughout the state and throughout

all types of civil litigation. The importance of maintaining Hartford can be illustrated

in a simple breach of contract case. Company A sues Company B for breach of

contract in Cherokee County. The following alternatives could be the next steps in

the litigation:

  Company B files an answer to the complaint saying it performed the

 contract without a breach in Vance County, and, therefore, the case

 should be transferred to Vance County for convenience of the witnesses

 to show there was no breach.

  Company B files an answer to the complaint saying there never was a

 contract between the parties, because of fraud in the inducement, and,

 7
 STOKES V. STOKES

 MURPHY, J., dissenting.

 therefore, the case should be transferred to Pender County where the

 contract was executed for the convenience of the witnesses as to the facts

 and circumstances surrounding the execution of the contract.

  Company B files an answer to the complaint alleging an affirmative

 defense, such as accord and satisfaction, and, therefore, the case should

 be transferred to Catawba County for the convenience of the witnesses

 as to whether Company A cashed Company B’s check.

  Company B files an answer to the Complaint claiming that its alleged

 agent did not have authority to bind Company B and, therefore, the case

 should be transferred to Johnston County for the convenience of the

 witnesses for the testimony of the alleged agent and Company B’s

 president.

  Company B files an answer to the complaint admitting the breach and

 that there will only be a need for a trial on the amount of damages, and

 there may be no need to transfer the case from Cherokee County.

The potential scenarios are endless and require the trial court to exercise discretion.

However, all of these scenarios require that a defendant has answered and traversed

the complaint so that the trial court knows what to consider in exercising discretion.

Without an answer, there cannot be an exercise of discretion and an order under

N.C.G.S. § 1-83(2) is untimely.

 8
 STOKES V. STOKES

 MURPHY, J., dissenting.

 The Majority’s decision allowing the trial court to transfer venue may

eventually be the proper result after a timely consideration in the correct procedural

context. However, it was not possible for the trial court to exercise discretion without

Defendant first traversing the allegations in Plaintiff’s Complaint. Admittedly, this

is a labored method of determining venue, and eventually may result in this case

being transferred to Pitt County; but this is not an exercise in form over function, this

is an exercise in the potential realities of litigation.

 9