MURPHY, Judge, dissenting.
*173 I accept the facts as set out by the Majority and I agree with the Majority's holding that the Order to Change Venue ("Order") is based on N.C.G.S. § 1-83(2). However, I respectfully dissent from the Majority's holding that Defendant's 9 November 2016 motion is a responsive pleading equating to an answer. In this case, the trial court's ruling on Defendant's motion to change venue was premature because Defendant had not yet filed an answer or responsive pleading traversing the allegations in the complaint. Our appellate courts have consistently exercised jurisdiction to reverse an untimely order related to the inconvenience of venue. See Thompson v. Horrell , 272 N.C. 503, 505, 158 S.E.2d 633, 655 (1968) ; ITS Leasing, Inc. v. Ram Dog Enters., 206 N.C.App. 572, 576, 696 S.E.2d 880, 883 (2010) ; Smith v. Barbour , 154 N.C.App. 402, 407, 571 S.E.2d 872, 876 (2002) ; Godley Const. Co., v. McDaniel , 40 N.C.App. 605, 607, 253 S.E.2d 359, 360-61 (1979) ; Poteat v. S. Ry. Co. , 33 N.C.App. 220, 222, 234 S.E.2d 447, 449 (1977) ; Lowther v. Wilson , 257 N.C. 484, 485, 126 S.E.2d 50, 51 (1962). We have jurisdiction to address this issue, and the Order must be vacated as untimely.
If a plaintiff files suit in an improper venue, a defendant must "demand[ ] in writing that the trial be conducted in the proper county." N.C.G.S. § 1-83 (2017). A trial court has no discretion to deny a timely request to change the place of trial from an improper venue to a proper one. Nello L. Teer Co. v. Hitchcock Corp. , 235 N.C. 741, 743, 71 S.E.2d 54, 56 (1952). A request is timely if it occurs "before the time of answering expires." N.C.G.S. § 1-83. A defendant must allege improper venue in a motion prior to answering or as a part of the answer. Godley Const. Co., 40 N.C.App. at 607, 253 S.E.2d at 360. "Under G.S. 1A-1, Rule 12(b)(3), the defense of improper venue may be raised in the answer if no pre-answer motions have been made." Swift & Co. v. Dan-Cleve Corp. , 26 N.C.App. 494, 495, 216 S.E.2d 464, 465 (1975). However, because venue is not jurisdictional, it can be waived. Nello L. Teer Co. , 235 N.C. at 744, 71 S.E.2d at 56. If a defendant fails to make such a request before answering, he or she waives the objection to venue as of right. Id. As there is no way to determine convenience prior to knowing what will be and will not be an issue at trial, no such waiver occurs when a party fails to make an immediate motion to change venue for convenience.
A party may move the trial court to change venue "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." N.C.G.S. § 1-83(2). The authority to grant such a request is within the trial court's discretion, reviewable only for manifest abuse *174 of discretion. Godley Const. Co., 40 N.C.App. at 607, 253 S.E.2d at 361. Unlike a motion to change venue as of right, a motion to change venue based on the convenience of the parties may only be made after an answer has been filed. Id. The Supreme Court of North Carolina explained the rationale for this interpretation in Hartford Accident & Indem. Co. v. Hood , 225 N.C. 361, 34 S.E.2d 204 (1945). The trial court cannot reasonably exercise its discretion as to the convenience of parties and promotion of justice "until the allegations of the complaint are traversed." Id. at 362, 34 S.E.2d at 204. Our appellate courts have reaffirmed this holding over the course of many generations. See Thompson , 272 N.C. at 505, 158 S.E.2d at 635 ; ITS Leasing, Inc. , 206 N.C.App. at 576, 696 S.E.2d at 883 ; Smith , 154 N.C.App. at 407, 571 S.E.2d at 876 ; McCullough v. Branch Banking & Trust Co. , 136 N.C.App. 340, 350, 524 S.E.2d 569, 575-76 (2000) ; Godley Const. Co., 40 N.C.App. at 607, 253 S.E.2d at 360-61 ; *700 Poteat , 33 N.C.App. at 222, 234 S.E.2d at 449 ; Lowther , 257 N.C. at 485, 126 S.E.2d at 51.
When the initial venue is proper, any change in venue must be based on considerations of convenience and justice. Under Hartford and its progeny, a trial court has authority to exercise its discretion in ordering a change in venue only after a defendant has filed an answer. In this way, the two means of changing venue are harmonious: before and up until the answer, a defendant may allege improper venue and move for a change in venue as of right. After the answer, the previous objection is waived, but a defendant may move the court for a change in venue as a matter of convenience and justice.
The Majority observes that a motion to change venue under N.C.G.S. § 1-83(2) "is premature if filed before the answer." The Majority also holds that a motion to change venue under N.C.G.S. § 1-83(2) is proper when "filed contemporaneously with an answer." While this holding is not supported by precedent, it is logically consistent. However, we need not decide the propriety of filing a motion to change venue under N.C.G.S. § 1-83(2) at the same time as an answer, because Defendant's motion does not constitute an answer or other responsive pleading.
Defendant's Motion for Emergency Ex Parte Custody and Motion to Dismiss for Improper Venue, or in the alternative, Motion to Change Venue is not a responsive pleading within the meaning of the North Carolina Rules of Civil Procedure. By definition, Defendant's request is a motion, not an answer. More importantly, Defendant's motion does not "traverse" the allegations of Plaintiff's Complaint, which is the rationale underlying the rule from Hartford . See Hartford , 225 N.C. at 362, 34 S.E.2d at 204 (holding that a trial court cannot exercise its discretion *175 to change venue "until the allegations of the complaint are traversed"). Defendant moved to change venue before filing an answer and the motion, under N.C.G.S. § 1-83(2), was not properly before the trial court.
Under N.C.G.S. § 1A-1, Rule 7(a), responsive pleadings include "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a crossclaim, if the answer contains a crossclaim" and other similar pleadings, which are relevant only when third parties are involved. N.C.G.S. § 1A-1, Rule 7(a) (2017). Rule 7(b)(1) defines "[m]otions and other papers" as "application[s] to the court for an order" and requires that motions are written and that they include particular grounds and relief sought. N.C.G.S. § 1A-1, Rule 7(b)(1). Rule 7(b)(2) provides that rules applicable to the form of pleadings-like captions and signatures-apply to "all motions and other papers provided for by these rules." N.C.G.S. § 1A-1, Rule 7(b)(2). The definitions within Rule 7 suggest that the terms "pleading" and "motion" are not interchangeable. Pleadings are limited to complaints, answers, and replies, whereas motions may include many types of requests for relief. See N.C.G.S. § 1A-1, Rule 7(a), (b).
Rule 8 provides for "[g]eneral rules of pleadings" and dictates the requirements for claims for relief. N.C.G.S. § 1A-1, Rule 8 (2017). Rule 8(a) reiterates that pleadings include "an original claim, counterclaim, crossclaim, or third-party claim" and requires that pleadings include a demand for judgment. N.C.G.S. § 1A-1, Rule 8(a). Rule 8(b) details the "form of denials" in pleadings and requires a party to "admit or deny the averments upon which the adverse party relies." N.C.G.S. § 1A-1, Rule 8(b).
Admittedly, at times, this Court has interpreted some provisions of the above Rules in a flexible manner. For example, in Brown v. Am. Messenger Serv. , 129 N.C.App. 207, 498 S.E.2d 384 (1998), this Court concluded that a letter that admitted liability, included a certified check, and promised future payment amounted to an answer, even though the letter did not conform to the requirements under the Rules. Id. at 213, 498 S.E.2d at 388. We emphasized that "the general policy of the Rules of Civil Procedure is to disregard the technicalities of form and determine the rights of litigants on the merits." Id. at 211, 498 S.E.2d at 387. Accordingly, noncompliance with the form of pleadings required by the Rules is not dispositive. Id. at 212, 498 S.E.2d at 387. A response may constitute an answer if it "respond[s] to the allegations of a complaint." Id.
*701 Here, Defendant's motion is not a responsive pleading but "[a]n application to the court for an order." N.C.G.S. § 1A-1, Rule 7(b)(1). The *176 filing is titled a "motion," and the motion does not include admissions or denials as required by Rule 8(b). See N.C.G.S. § 1A-1, Rule 8(b). The trial court found that Defendant's motion is "a written request of the court to change venue along with other relief requested," but this description does not resemble the standard for a responsive pleading like an answer. Despite its written form and inclusion of a separate claim for relief-emergency ex parte custody-Defendant's motion does not constitute an answer. Although the trial court found that Defendant's motion was "a written response ... filed within the time for answering," this standard appears in a part of N.C.G.S. § 1-83 that addresses improper-not inconvenient-venue. As discussed above and by the Majority, the Order does not conclude that venue is improper in Union County.
Moreover, the failure of Defendant's motion to respond to the allegations in Plaintiff's complaint is more than a mere Rule 8(b) violation. Unlike the response at issue in Brown , where a letter was construed to constitute an answer, the shortcomings in Defendant's motion are substantive, not technical. See Brown , 129 N.C.App. at 213, 498 S.E.2d at 388. Without Defendant's answer, the trial court cannot exercise its discretion to grant a motion to change venue based on interests of convenience or justice. Once Defendant answers and the allegations of the complaint have been traversed, the trial court may exercise its discretion under N.C.G.S. § 1-83(2) to change venue. In this case, Defendant must file an answer in Union County before he may move for a change of venue to Pitt County.
Domestic disputes often present our courts with the perceived responsibility to prevent gamesmanship by litigants, however, we must step back and review this case in light of the general application of our Rules throughout the state and throughout all types of civil litigation. The importance of maintaining Hartford can be illustrated in a simple breach of contract case. Company A sues Company B for breach of contract in Cherokee County. The following alternatives could be the next steps in the litigation:
• Company B files an answer to the complaint saying it performed the contract without a breach in Vance County, and, therefore, the case should be transferred to Vance County for convenience of the witnesses to show there was no breach.
• Company B files an answer to the complaint saying there never was a contract between the parties, because of fraud in the inducement, and, therefore, the case should be transferred to Pender County where the contract was executed for *177 the convenience of the witnesses as to the facts and circumstances surrounding the execution of the contract.
• Company B files an answer to the complaint alleging an affirmative defense, such as accord and satisfaction, and, therefore, the case should be transferred to Catawba County for the convenience of the witnesses as to whether Company A cashed Company B's check.
• Company B files an answer to the Complaint claiming that its alleged agent did not have authority to bind Company B and, therefore, the case should be transferred to Johnston County for the convenience of the witnesses for the testimony of the alleged agent and Company B's president.
• Company B files an answer to the complaint admitting the breach and that there will only be a need for a trial on the amount of damages, and there may be no need to transfer the case from Cherokee County.
The potential scenarios are endless and require the trial court to exercise discretion. However, all of these scenarios require that a defendant has answered and traversed the complaint so that the trial court knows what to consider in exercising discretion. Without an answer, there cannot be an exercise of discretion and an order under N.C.G.S. § 1-83(2) is untimely.
The Majority's decision allowing the trial court to transfer venue may eventually be the proper result after a timely consideration in the correct procedural context. However, it was not possible for the trial court to exercise discretion without Defendant first traversing the allegations in Plaintiff's Complaint.
*702 Admittedly, this is a labored method of determining venue, and eventually may result in this case being transferred to Pitt County; but this is not an exercise in form over function, this is an exercise in the potential realities of litigation.